OPINION
{¶ 1} Appellant William Walters d.b.a. Ohio Judgment Recovery Services ("appellant") appeals the decision of the Perry County Court that dismissed his Motion for Revivor of Judgment. The following facts give rise to this appeal.
 {¶ 2} On December 30, 1988, the Perry County Court of Common Pleas entered judgment, in favor of Luann Cooperider, in the amount of $1,000 plus interest and court costs against Appellee Samuel Poston. An attempt to enforce the judgment on April 2, 1989 failed and the judgment became dormant on April 2, 1994.
 {¶ 3} On February 10, 2003, Luann Cooperider filed a Motion for Revivor of Judgment. Thereafter, Cooperider assigned the judgment to appellant. On this same date, appellant filed an Acknowledgment of Judgment with the trial court. On March 14, 2003, Walters received notice of appellee's Motion in Contra and Motion to Dismiss for Want of Prosecution. In his motion, appellee argued that since appellant had made no attempt to collect the judgment for over twelve years and seven months, appellant abandoned the right to revive the judgment.
 {¶ 4} Appellant filed a written objection to appellee's Motion to Dismiss. On March 19, 2003, the trial court entered judgment dismissing the Motion for Revivor of Judgment.
 {¶ 5} Appellant timely appeals and sets forth the following assignment of error for our consideration:
 {¶ 6} "I. The trial courts (sic) dismissal of the revivor of judgment against Samuel Poston within a (sic) twenty-one (21) years is not permited (sic) without sufficient cause."
 I {¶ 7} Appellant maintains, in his sole assignment of error, the trial court erred when it dismissed the Motion for Revivor of Judgment because it did so without sufficient cause. We agree.
 {¶ 8} In its judgment entry granting dismissal, the trial court did not state its reason(s) for granting appellee's Motion to Dismiss. The judgment entry states, "Upon Motion by Defendant, Samuel Poston, and for good cause shown this Court dismisses Plaintiff's Motion for Revivor." Judgment Entry, Mar. 19, 2003, at 1. In support of his Motion to Dismiss, appellee argued the judgment has been dormant for twelve years and seven months, which is well beyond the statutory time limitation contained in R.C. 2329.07.[1]
 {¶ 9} The following two statutes are pertinent to this appeal: R.C. 2325.15 and R.C. 2325.17. R.C. 2325.15 addresses revivor of judgment. This statute provides as follows:
 {¶ 10} "When a judgment, including judgments rendered by a judge of a county court or mayor, a transcript of which has been filed in the court of common pleas for execution, is dormant, or when a finding for money in equitable proceedings remains unpaid in whole or in part, under the order of the court therein made, such judgment may be revived, or such finding made subject to execution as judgments at law are, in the manner prescribed for reviving actions before judgment, or by action in the court in which such judgment was rendered or finding made, or in which transcript of judgment was filed."
 {¶ 11} R.C. 2325.17 addresses the time a lien attaches when a dormant judgment is revived. This statute provides:
 {¶ 12} "If sufficient cause is not shown to the contrary, the judgment or finding mentioned in section 2325.15 of the Revised Code shall stand revived, and thereafter may be made to operate as a lien upon the lands and tenements of each judgment debtor for the amount which the court finds to be due and unsatisfied thereon to the same extent and in the same manner as judgments or findings rendered in any other action."
 {¶ 13} In Leroy Jenkins Evangelistic Assoc., Inc. v.Equities Diversified, Inc. (1989), 64 Ohio App.3d 82, the Franklin County Court of Appeals held that:
 {¶ 14} "* * * R.C. 2325.17 requires the judgment debtor be granted an opportunity to show cause why the judgment should not be revived, which could only be done at a hearing before the court. The obligation to give notice of a hearing to show cause is that of the court when granting the conditional order revivor and it is not, * * *, incumbent upon the judgment debtor to seek such a hearing. Although an action to revive a judgment and a show cause hearing may be summary in nature, such an opportunity must be granted to meet fundamental requirements of due process." Id. at 88.
 {¶ 15} The record indicates the trial court did provide appellee with an opportunity to show cause why the judgment should not be revived. The Order of Revivor signed by the trial court judge contained the following language informing appellee that he was entitled to a hearing:
 {¶ 16} "WHEREFORE, IT IS ORDERED that said judgment shall stand revived, effective the date of this order, and it is FURTHER ORDERED that the Clerk of Courts forthwith mail a copy of this Order to the Judgment Debtor at the address in on (sic) the attached praecipe, informing the Judgment Debtor that the debtor shall have fourteen (14) days from the date that the Clerk (sic) Courts mails this Order to contact the Clerk of Courts by mail or facsimile, to request a hearing to show sufficient cause why: judgment should not be revived; * * *."
 {¶ 17} This Order was mailed to appellee on March 7, 2003. On March 14, 2003, within the time period allotted for pursuant to the Order, appellee filed with the trial court a Motion Contra appellant's Motion for Revivor and a Motion to Dismiss appellee's Motion for Revivor. Clearly, based upon these two motions, appellee believed he could show cause why the judgment should not be revived. Accordingly, we conclude the trial court should have conducted a hearing pursuant to its Order of March 7, 2003, prior to entering judgment dismissing appellant's Motion for Revivor of Judgment.
 {¶ 18} Accordingly, we vacate the judgment entry of the trial court granting appellee's Motion to Dismiss and remand this matter, to the trial court, for the court to conduct a hearing pursuant to R.C. 2325.17.
 {¶ 19} For the foregoing reasons, the judgment of the Perry County Court, New Lexington, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Boggins, J., concurs.
Hoffman, P.J., dissents.
[1] R.C. 2329.07 is not a basis upon which to dismiss appellant's Motion for Revivor of Judgment as this statute merely addresses when a judgment may become dormant. This statute provides, in pertinent part:
"If neither execution on a judgment rendered in a court of record or certified to the clerk of the court of common pleas in the county in which the judgment was rendered is issued, nor a certificate of judgment for obtaining a lien upon lands and tenements is issued and filed, as provided in sections 2329.02
and 2329.04 of the Revised Code, within five years from the date of the judgment or within five years from the date of the issuance of the last execution thereon or the issuance and filing of the last such certificate, whichever is later, then, unless the judgment is in favor of the state, the judgment shall be dormant and shall not operate as a lien upon the estate of the judgment debtor." * * *