[Cite as *Omni Credit Servs. v. Leston*, 2013-Ohio-304.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

OMNI CREDIT SERVICES           :

      Plaintiff-Appellee         :         C.A. CASE NO.   25287

v.                             :         T.C. NO.   03CVF5456

D'AUN E. LESTON              :         (Civil appeal from
                                          Municipal Court)

      Defendant-Appellant     :

                                :

. . . . . . . . . .

**O P I N I O N**

Rendered on the   1st   day of   February  , 2013.

. . . . . . . . . .

MATTHEW G. BURG, Atty. Reg. No. 0072556, Lakeside Place, Suite 200, 323 W. Lakeside Avenue, Cleveland, Ohio 44113

and

JAMES G. KOZELEK, Atty. Reg. No. 0073615, 175 S. Third Street, Suite 900, Columbus, Ohio 43215
      Attorneys for Plaintiff-Appellee

D'AUN E. LESTON, P. O. Box 1753, Kodak, TN 37764
      Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}     This matter is before the Court on the pro se "Motion to Appeal Decision & Entry / Motion to Vacate Judgment" of D'Aun Loomis, which was initially filed in Dayton Municipal Court and subsequently transferred to this Court on July 19, 2012.  Loomis appeals from the June 22, 2012 decision of the municipal court which denied her pro se "Motion and Declaration to Vacate Judgment / Motion and Declaration to Vacate Bank Levy" filed by Loomis after the municipal court revived a 2003 dormant  judgment against Loomis in favor of Omni Credit Services of Illinois, Inc. ("Omni").

{¶ 2}     On May 13, 2003, Omni filed a Complaint against Loomis, who was then known as D'aun Leston, seeking judgment on a promissory note in the amount of $5,756.35, plus interest.  The record reflects proof of service that indicates that the Complaint was received by D'aun Leston.  On June 26, 2003, Omni filed a motion for default judgment against Loomis, with an accompanying affidavit, after Loomis failed to answer the complaint, which the trial court granted on the same day, in the principal sum of $5,756.35, together with accrued interest of $5,629.62, through March 19, 2003, plus interest thereafter on the principal balance at the rate of 24.98%.

{¶ 3}     On January 7, 2004, the municipal court issued an Order for Debtor's Examination, and the record reflects that the Order was personally served on D'aun Leston on January 8, 2004.  On March 30, 2004, a Certificate of Judgment was issued in favor of Omni.

{¶ 4}     On July 13, 2011, counsel for Omni filed a Praecipe requesting service of a "Conditional Order of Revivor" upon D'aun Leston at the address of 7949 Irvington Ave., Dayton, Ohio 45415, as well as  "Plaintiff's Motion to Revive Dormant Judgment," in

which it moved the court for a Conditional Order reviving the judgment of June 26, 2003, asserting that the judgment had become dormant and that "there is an unpaid balance of $13,909.14 through June 29, 2011 and interest thereafter at the rate of 24.980% per annum and costs." On July 14, 2011, the municipal court issued a "Civil Summons (Motion to Revive)" to D'aun Leston, at the above address, which advised her that a complaint had been filed on behalf of Omni, and "Unless a copy of the written answer is served upon the plaintiff or upon their attorney by you within 28 days after this service is made upon you, and the original of this written answer is filed in the office of the Clerk of this Court within 3 days after that service, the complaint of said plaintiff will be taken as true and judgment will be rendered against you accordingly." The motion to revive was returned "not deliverable as addressed / unable to forward" on July 22, 2011.

{¶ 5}   On August 5, 2011, counsel for Omni filed a praecipe requesting service by certified mail of the motion to revive to D'aun Leston at the address of   541 Johnston Rd., Kodak, TN, 37764.  The "Civil Summons (Motion to Revive)" contains identical language to that quoted above regarding the filing of a written answer.  Proof of service was returned August 12, 2011, in the name of David Loomis.  We note that in Loomis' Reply Brief herein, she states that she was not personally served with the motion to revive judgment, but that her "current spouse was served.  In turn, Mr. Loomis gave the paperwork to Loomis/Leston that same day when she arrived home for the day."

{¶ 6}   On August 18, 2011, Loomis filed a pro se Answer in which she requested dismissal of the matter.  Loomis asserted that she is no longer a resident of Ohio, and that her attempts to contact Omni have failed.  Loomis further asserted  that the "original

creditor, ITT Financial Services," has been "convicted in many states for predatory lending practices." Loomis averred that "ITT Financial Services was paid in full for the above judgment, an amount ITT *claimed* was past due was not paid; however ITT Financial office continued to '**re-write**' the loan and subsequently closed it's (sic) doors, making Defendant unable to contact the company to prove debt was paid." Loomis asserted that she "was not served original summons to appear in court for the original judgment; her ex-husband received and signed for document without her knowledge." Finally, Loomis asserted that the "Judgment was filed 8 years ago and Plaintiff has had ample opportunity to contact Defendant to discuss or attempt to recover reparations, which Plaintiff has not done. The loan, originally with ITT Financial Services, was paid in full in July 1995, thus excluding this debt to additional collection."

{¶ 7} On February 17, 2012, the municipal court issued an Order setting the matter for a "Revivor Judgment Hearing" on March 7, 2012. The Order provides, "The presence of the parties and of the attorney is required and by this notice, the same is ordered, unless otherwise indicated." The Order also provides, "No continuance will be considered unless requested in writing, filed no less than forty-eight hours before the time set for trial or hearing." Finally, the Order provides that Notice of the hearing was sent to Loomis at the Johnston Rd., Kodak, Tennessee address.

{¶ 8} On April 11, 2012, the municipal court issued an "Order Granting Motion for Revivor of Judgment," which provides that Loomis "has been fully served with Notice of the Conditional Order of Revivor herein before made and has failed to show sufficient cause why said Judgment should not be revived." The court ordered "that said Judgment for the

sum of $13[,]909.41 plus accrued interest of $25[,]273.93 from December 22, 2004 to December 22, 2009 and from the date of Entry of Revivor of Judgment at the rate of 24.98% percent per annum and costs, be and the same is hereby revived against the Defendant and that Plaintiff recover his costs herein."

{¶ 9} On May 9, 2012, Omni filed a request for a Certificate of Judgment, and the court's docket reflects that it was prepared and issued on the same day. On May 17, 2012 Omni filed an "Affidavit and Order and Notice of Garnishment of Property Other than Personal Earnings and Answer of Garnishee" directed at ORNL Federal Credit Union ("ORNL"), pursuant to which ORNL was ordered to complete and return the "Answer of Garnishee" section of the document. On May 21, 2012, the court's docket reflects that "Notice to The Defendant (Bank Attachment), Certificate of Service Completed by Ordinary Mail Filed." On May 30, 2012, the record reflects that an "Answer of Garnishee" was returned that provides that $6,237.28 in a "savings and checking account" is "to be sent" from ORNL.

{¶ 10} On June 4, 2012, Loomis' "Motion and Declaration to Vacate Judgment / Motion and Declaration to Vacate Bank Levy" was filed. The document indicates it was faxed to the court on May 23, 2012, and it lists the following "grounds":

a. Defendant was not properly notified of motion to award revivor judgment.

b. Defendant was not served notice of revivor judgment.

c. Defendant was not served notice of hearing of revivor judgment.

d. Defendant was not served notice of bank levy/ judgment.

e. Defendant was not properly notified of judgment filed in 2003.

f. Defendant was not furnished verification of debt, which was requested in August of 2011.

g. Defendant disputes original debt.

h. Defendant alleges verbal harassment against Plaintiff's legal counsel.

Finally, the motion requested that the court "immediately RELEASE the bank levy * * * through ORNL Federal Credit Union * * * [which] is a joint account and Defendant's husband is not a party to this judgment."

{¶ 11} On May 31, 2012, Omni opposed Loomis' motion, asserting that Loomis "failed to set forth any grounds that merit relief." On June 7, 2012, Loomis filed "Defendant's Memorandum Contra Plaintiff's Motion to Deny Vacating Judgment and Vacating Bank Levy."

{¶ 12} On June 22, 2012, the trial court issued a Decision and Entry that provides in part:

The Court record reflects that Defendant was duly served with the Complaint on May 20, 2003 and Defendant failed to answer. Further, Defendant was given notice of the revivor hearing and failed to appear. Service of the Bank Levy was issued on May 21, 2012.

In the case at bar, Defendant failed to demonstrate in her motion that she has a meritorious defense or claim to present if relief is granted. In fact Defendant in her motion does not set forth facts that dispute the merits of Plaintiff's claim. Further, the Defendant has failed to state operative facts

in her motion showing that she is entitled to relief under any of the grounds listed in Civil Rule 60(B)(1) through (5) * * *.

The court overruled Loomis' motions. The Decision and Entry reflects that a copy of the decision was sent to Loomis at the Johnston Rd., Kodak, Tennessee address.

{¶ 13}  Also on June 22, 2012, the court issued an "Order Granting Motion for Revivor of Judgment" identical to that issued on April 11, 2012.

{¶ 14}  The municipal court's docket indicates receipt of $6,237.28, from "ORNL Federal Credit Union," on June 27, 2012.

{¶ 15}  On July 2, 2012, Loomis filed a pro se "Motion to Turnover (sic) Funds," in which she moved the court to "turnover (sic) the funds received by this Court on June 27, 2012 from Defendant's joint bank account in the amount of $6237.28, listed on the docket from this Court as receiving receipt # 12018222, back to Defendant."    Loomis asserted that she "was not properly served notice, according to Ohio Revised Code 2329.091[1]."    Loomis further asserted that the funds "were removed from this account prior to the latest ruling by this Court, June 22, 2012, therefore making this bank levy ruling done prior to the date of the decision."

{¶ 16}  On July 19, 2012, Loomis filed a notice of appeal of the municipal court's June 22, 2011 order which denied her "Motion and Declaration to Vacate Judgment / Motion and Declaration to Vacate Bank Levy."    On September 24, 2012, Loomis filed a "Motion to Submit Case without Brief of Appellee."    On October 10, 2012, after this Court ordered

---

[1]R.C. 2329.091 provides for a hearing before property, upon which a writ of execution has been levied, can be sold, if the judgment debtor requests a hearing as the statute provides, and it does not apply herein.

Omni to file a brief or show cause why the matter should not be submitted for decision, Omni filed a "Motion to Strike Brief of Appellant or in the alternative Motion for Additional Time for Appellee to File Response Brief," in which it asserted that Loomis did not properly serve it with her brief. On October 12, 2012, this Court ordered Loomis to serve Omni with her brief. On November 7, 2012, Loomis filed a "Motion to Submit Case without Brief of Appellee," which this Court overruled.

{¶ 17} Loomis' brief does not set forth specific assignments of error as required by the Ohio Rules of Appellate Procedure. She asks this Court to "vacate the revivor judgment as Defendant was not served notification of hearing nor was she notified of award of the revivor judgment." Loomis also asks this Court to vacate the "Bank Levy and return the funds back to Defendant in the amount of $6,237.28." Finally, she asks this Court to vacate "the original judgment filed on May 13, 2003."

{¶ 18} We will begin our analysis with Loomis' request that we vacate the original judgment filed on May 13, 2003.

{¶ 19} As set forth by the Tenth District in *Columbus Check Cashers, Inc. v. Cary*, 196 Ohio App.3d 132, 2011-Ohio-1091, 962 N.E.2d 812, ¶ 19 (10th Dist.):

In *Bartol v. Eckert* (1893), 50 Ohio St.31, 33 N.E. 294, the Supreme Court of Ohio stated that "[s]eeking to revive a judgment does not involve the creation of a new action, but merely the institution of a special proceeding within the original action." Id. at 45. Further, "[i]n a proceeding in revivor it is not competent to relitigate the question involved in the original suit or to collaterally impeach the record and judgment. *Nestlerode v. Foster* (1893), 8

Ohio C.C. 70. In *Van Nover v. Eshelman* (1911), 14 Ohio C.C. (N.S.) 348, 349, the court stated that "[a] conditional order of revivor is a revivor of the judgment subject to be defeated by the judgment debtor showing that the judgment has been paid, settled or barred by the statute of limitations, as these are practically the only defenses that can be made to the revivor of a dormant judgment. * * * Therefore, upon the granting of a conditional order of revivor, it is incumbent upon the judgment debtor to challenge the existing judgment, if applicable, by presenting the defenses set forth above to the trial court for review.

*See also*, *State v. Jones*, 12th Dist. Warren No. CA2000-02-015, 2000 WL 1534701 (Oct. 16, 2000) ("A proceeding to revive a judgment is not a new action, but merely a motion in the original action. * * * Consequently, an alleged error in the rendition of the judgment may not be offered in defense in a proceeding to revive a judgment. Rather, a collateral attack against a judgment must be made directly on appeal or through a motion to vacate judgment.")

{¶ 20} Loomis did not directly appeal the original judgment against her, or move the court to vacate it. In other words, it is too late to challenge the validity of that judgment, and her arguments addressed thereto are not properly before us and are accordingly overruled.

{¶ 21} Regarding the validity of the revivor of the original judgment, as further set forth by *Columbus Check Cashers,* ¶ 4: "'Revivor of a dormant judgment is a statutory proceeding.' " * * * " '[W]hen an appellate court is called upon to review a lower court's

interpretation and application of a statute, the appellate court conducts a *de novo* review without deference to the trial court's determination.' " * * *. Accordingly, our review of the of the municipal's court's decision is *de novo*.

**{¶ 22}** R.C. 2325.15 provides that when a judgment is dormant, it may be revived. R.C. 2329.07 addresses when a judgment may become dormant and provides as follows:

> (A)(1) If neither execution on a judgment rendered in a court of record
> * * *nor a certificate of judgment for obtaining a lien upon lands and
> tenements is issued and filed, as provided in sections 2329.02 and 2329.04 of
> the Revised Code, within five years from the date of the judgment or within
> five years from the date of the issuance of the last execution thereon or the
> issuance and filing of the last such certificate, whichever is later, then, * * *
> the judgment shall be dormant and shall not operate as a lien upon the estate
> of the judgment debtor.

R.C. 2325.18 provides that a dormant judgment must be revived within "ten years from the time it became dormant."

**{¶ 23}** R.C. 2325.17 "addresses the time a lien attaches when a dormant judgment is revived." *Walters v. Poston*, 5th Dist. Perry No. 03-CA-8, 2004-Ohio-100, ¶ 11. R.C. 2325.17 provides as follows:

> *If sufficient cause is not shown to the contrary*, the judgment or
> finding mentioned in section 2325.15 of the Revised Code shall stand
> revived, and thereafter may be made to operate as a lien upon the lands and

tenements of each judgment debtor for the amount which the court finds to be due and unsatisfied thereon to the same extent and in the same manner as judgment or findings rendered in any other action. (Emphasis added).

{¶ 24} In *Leroy Jenkins Evangelistic Assoc., Inc. v. Equities Diversified, Inc.*, 64 Ohio App.3d 82, 88, 580 N.E. 2d 812 (10th Dist. 1989), the Tenth District held as follows:

Clearly, R.C. 2325.17 requires the judgment debtor be granted an opportunity to show cause why the judgment should not be revived, which could only be done at a hearing before the court. The obligation to give notice of a hearing to show cause is that of the court when granting the conditional order revivor and it is not, as Jenkins would seem to argue, incumbent upon the judgment debtor to seek such a hearing. Although an action to revive a judgment and a show cause hearing may be summary in nature, such an opportunity must be granted to meet fundamental requirements of due process.

{¶ 25} Loomis asserts that she did not receive adequate notice of the Order scheduling the revivor hearing nor of the revivor of the judgment against her. We note that the municipal's court's file contains faxed correspondence from Loomis to the municipal court judge, dated June 12, 2012, which indicates an address for Loomis of P.O. Box 1753, Kodak, TN 37764, and also copies of the April 11, 2012 order granting the motion for revivor and the February 17, 2012 order scheduling the revivor hearing, along with two envelopes. One envelope, postmarked April 20, 2012, is addressed to Daun Leston at 541 Johnston Rd, Kodak, TN, and it bears a sticker that provides: "return to sender/ vacant/

unable to forward." The second envelope, postmarked February 23, 2012, bears a sticker that provides: "return to sender/ attempted/ not known / unable to forward." The court's August 14, 2012 docket entry indicates: "additional papers found to file include - returned mailings and a faxed letter to the judge from the defendant (included in the appeal filing.)"

{¶ 26} Civ.R. 5(A) governs service and filing of pleadings and other papers subsequent to the original complaint and requires that "every order required by its terms to be served," and "every written notice," among other papers, "subsequent to the original complaint * * * be served upon each of the parties." As this Court noted in *Stewart v. Strader*, 2d Dist. Clark No. 2006 CA 116, 2009-Ohio-6598, ¶ 17-20:

"In [*Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Ass'n.,* 28 Ohio St.3d 118, 502 N.E.2d 599 (1986)], the Supreme Court of Ohio held that Civ.R. 5(A) did not require a trial court to serve the parties with notice of a scheduled trial date, provided that the parties received 'some form' of reasonable notice. The court explained:

"The service of pleadings, written motions, and other papers, then, is a task imposed by the Civil Rules on the attorneys. A court, on the other hand, generally acts and speaks only through its journal by means of orders. Civ.R. 5(A) does not require the service of orders unless the order is 'required by its terms to be served.' * * *

"* * * Ohio courts have traditionally held that while some form of notice of a trial date is required to satisfy due process, an entry of the date of trial on the court's docket constitutes reasonable, constructive notice of that

fact. * * *" *Ohio Valley Radiology Assocs.,* 28 Ohio St.3d at 124, 502 N.E.2d 599.

We have noted, citing *Ohio Radiology Assocs.*, that "parties are expected to keep themselves informed of the progress of a case once they are served with process." *Pearl v. J & W Roofing and General Contracting* (Feb. 28, 1997), Montgomery App. No. 16045.

{¶ 27} The record reflects that Loomis was clearly on notice that Omni sought to revive the June 26, 2003 judgment. In her Reply brief, as mentioned above, Loomis acknowledges that she received the "Civil Summons (Motion to Revive)," and she filed an answer thereto, as instructed by the court, on August 18, 2011. Thereafter, Loomis is expected to have kept herself informed of the progress of her case. As this Court has previously noted:

"Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard as other litigants. See, e.g., *Kilroy v. B.H. Lakeshore Co.* (1996), 11 Ohio App.3d 357, 363, 676 N.E.2d 171. As the Eighth District Court of Appeals aptly noted in *Kilroy*, a pro se litigant 'cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter.' Id*." Yocum v. Means*, 2d Dist. Darke No. 1576, 2002-Ohio-3803, ¶ 20.

{¶ 28} The court's docket, on February 17, 2012, reflects the court's order scheduling the revivor hearing for March 7, 2012, and the order itself indicates that Loomis was sent notice of the revivor hearing by ordinary mail. To the extent that Loomis suggests

that she did not receive the order regarding the revivor hearing due to a change of address from Johnston Rd. to a P.O. Box, "Ohio courts have held that *pro se* litigants have the same duty as counsel to keep the trial court apprised of a change of address." *Investors Reit One v. Fortman*, 10th Dist. Franklin No. 00AP-195, 2000 WL 1946686 (Jan. 16, 2001). As with the notice regarding the revivor hearing, the court's docket reflects the court's order granting Omni's motion for revival of the judgment. As the municipal court noted, service of the bank levy was issued on May 21, 2012, as reflected on the court's docket, and Loomis faxed her "Motion and Declaration to Vacate Judgment / Motion and Declaration to Vacate Bank Levy" on May 23, 2012, confirming her notice thereof.

**{¶ 29}** Based upon the foregoing, we conclude that the municipal court properly granted Loomis an opportunity to show cause why the dormant judgment against her should not be revived, pursuant to R.C. 2325.17, and that Loomis failed to keep herself informed of the progress of her case. Accordingly, the court properly revived the judgment.

**{¶ 30}** Finally, we note that R.C. 2716.11 governs the commencement of proceeding in garnishment, and R.C. 2716.13 (C)(1) provides as follows:

> At the time of the filing of a proceeding in garnishment of property, other than personal earnings, under section 2716.11 of the Revised Code, the judgment creditor also shall file with the clerk of the court a praecipe instructing the clerk to issue to the judgment debtor a notice to the judgment debtor form and a request for hearing form. Upon receipt of the praecipe and the scheduling of a hearing relative to an action in garnishment of property, other than personal earnings, under division (A) of this section, the clerk of

the court immediately shall serve upon the judgment debtor, in accordance with division (D) of this section, two copies of the notice to the judgment debtor form and of the request for hearing form. The copies of the notice to the judgment debtor form and of the request for hearing form shall not be served later than seven days prior to the date on which the hearing is scheduled.

{¶ 31} R.C. 2716.13(C)(1)(a) provides that the "notice to the judgment debtor form that must be served upon the judgment debtor shall be in substantially the following form," and the sample form indicates that there are "certain benefit payments that cannot be taken from you to pay a debt." The sample form itemizes several types of benefits that are exempt from garnishment, such as workers' compensation benefits and unemployment compensation benefits, and the sample also provides that there "may be other benefits not included in the above list that apply to your case."

{¶ 32} Finally, the sample form provides as follows:

If you dispute the judgment creditor's right to garnish your property and believe that the judgment creditor should not be given your money, property, or credits, other than personal earnings, now in the possession of the garnishee because they are exempt or if you feel that this order is improper for any other reason, you may request a hearing before this court by disputing the claim in the request for hearing form appearing below, or in a substantially similar form, and delivering the request for hearing to this court at the above address, at the office of the clerk of this court no later than the

end of the fifth business day after you receive this notice. You may state your reasons for disputing the judgment creditor's right to garnish your property in the space provided on the form; however, you are not required to do so. If you do state your reasons for disputing the judgment creditor's right, you are not prohibited from stating any other reason at the hearing. If you do not state your reasons, it will not be held against you by the court, and you can state your reasons at the hearing. NO OBJECTIONS TO THE JUDGMENT ITSELF WILL BE HEARD OR CONSIDERED AT THE HEARING. If you request a hearing, the hearing will be limited to a consideration of the amount of your money, property, or credits, other than personal earnings, in the possession or control of the garnishee, if any, that can be used to satisfy all or part of the judgment you owe to the judgment creditor.

If you request a hearing by delivering your request for hearing no later than the end of the fifth business day after you receive this notice, it will be conducted in _____courtroom, (address of court) at __m. on _____,_____. You may request the court to conduct the hearing before this date by indicating in the space provided on the form; the court then will send you notice of any change in the date, time or place of the hearing. If you do not request a hearing by delivering your request for a hearing no later than the end of the fifth business day after you receive this notice, some of your money, property, or credits, other than personal earnings, will be paid to

the judgment creditor.

{¶ 33} To the extent that Loomis' brief suggests that she was denied due process in relation to the garnishment proceeding, we agree. R.C. 2716.13(C) mandates notice in order for the judgment debtor to have an opportunity to request a hearing, and nothing in the record indicates that Omni filed the requisite praecipe instructing the court to issue Loomis a notice to the judgment debtor form and a request for hearing form.[2]

{¶ 34} Based upon the foregoing, the judgment of the trial court reviving the dormant judgment of June 26, 2003 is affirmed. The garnishment is vacated, and the funds deposited by the garnishee, ORNL, should be immediately released and returned. Remanded for proceedings consistent with this court's opinion.

. . . . . . . . . .

FAIN, P.J. and HALL, J., concur.

Copies mailed to:

Matthew G. Burg
James G. Kozelek
D'Aun E. Leston
Hon. Carl Sims Henderson

---

[2] We note that the May 17, 2012 "Affidavit and Order and Notice of Garnishment of Property Other than Personal Earnings and Answer of Garnishee" provides, in much smaller font at the bottom of the first page, "To the Clerk of Said Court: * * *. Also serve upon the judgment creditor two copies of the notice to judgment debtor and a request for hearing by ordinary mail." However, nothing in the record demonstrates any order was served which contained the requisite request for hearing form.