[Cite as *Autovest, L.L.C. v. Roach*, 2026-Ohio-1997.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| AUTOVEST, LLC | : | |
| Appellee | : | C.A. No. 30676 |
| | : | Trial Court Case No. CVF1300441 |
| v. | : | (Civil Appeal from Municipal Court) |
| WILLIAM ROACH | : | **FINAL JUDGMENT ENTRY &** |
| Appellant | : | **OPINION** |
| | : | |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on May 29, 2026, the judgment of the trial court is reversed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Christopher B. Epley*

_____

CHRISTOPHER B. EPLEY, JUDGE

LEWIS, P.J., and HANSEMAN, J., concur.

OPINION

WILLIAM M. HARRELSON II, Attorney for Appellant
BRAD A. COUNCIL, Attorney for Appellee

EPLEY, J.

{¶ 1} William Roach appeals from a judgment of the Vandalia Municipal Court, which granted the motion of Autovest, LLC to revive a dormant judgment. For the following reasons, the trial court's judgment is reversed.

## I. Facts and Procedural History

{¶ 2} In 2008, Roach purchased a truck from Planet Ford. He financed $17,475.94 and agreed to monthly payments of $432.62 beginning in August 2008. Planet Ford assigned the finance agreement to Wells Fargo Bank. Roach apparently defaulted on the loan. In April 2013, Autovest, as the current holder of the account, sued Roach, alleging that he owed $8,404.05, plus fees and interest at the rate of 19.60% from November 15, 2010.

{¶ 3} On October 29, 2013, Autovest and Roach entered into a consent judgment with the following terms:

Pursuant to an agreement between the parties, judgment is hereby entered in favor of Plaintiff, AUTOVEST, L.L.C., against Defendant, WILLIAM ROACH, in the amount of $8,404.05, plus accrued interest through March 15, 2013 in the amount of $6,897.42 and interest thereafter at statutory rate per annum on the principle [sic] balance and costs of this action.

The Plaintiff has agreed to accept and Defendant has agreed to pay the sum of $1,004.13 by November 15, 2013, and then $308.33 per month beginning December 15, 2013 and continuing thereafter on the 15th of each

month until such time as $8,404.05 is paid in full (no interest included). Payments under this Consent Judgment Entry are to be sent to FULTON, FRIEDMAN & GULLACE, LLP PO BOX 2123 WARREN MI 48090-2123.

Plaintiff has agreed to withhold execution on said judgment (with the exception of filing a judgment lien) so long as Defendant makes the payments in a timely manner as specified above. Upon completion of the payment terms as stated above, Plaintiff will file a Satisfaction of Judgment.

The parties dispute the amount of payments that Roach made as required by the consent judgment.

{¶ 4} In June 2015, Autovest requested and obtained a garnishment order. It is unclear whether Roach initially was aware of this order. According to Autovest, it last received payment on the debt, from any source, in February 2016. On May 23, 2016, an attorney for Autovest filed an affidavit of current balance due on garnishment, stating that $5,809.10 had been paid to date and that $10,420.52 was due and owing on the debt. Roach requested a hearing, but the record does not indicate what occurred after that.

{¶ 5} More than eight years later, on November 20, 2023, Autovest filed a motion to revive the October 29, 2013 judgment. It stated that Roach owed $8,404.05, plus interest in the amount of $3,749.62 through October 29, 2018, the date of dormancy, plus interest at the rate of three percent per annum and costs (because the judgment had become dormant by November 2023, we state no opinion as to the correctness of Autovest's asserted date of dormancy).

{¶ 6} Roach was served with the motion in February 2025. On March 28, 2025, he opposed the motion, stating that the debt had been paid in full as of August 15, 2015.

3

{¶ 7} Considering Roach's response, the magistrate gave Autovest 30 days "to show cause as to why a satisfaction of judgment should not be entered in this case." Autovest responded that it had received only $4,409.10 from Roach to date and that Roach had an unpaid balance of $12,193.67. It attached a copy of the consent judgment entry and a statement of account showing payments between November 28, 2014 and February 29, 2016. All the payments had been applied to Roach's interest balance. Roach did not file anything in response. On May 30, 2025, based on Autovest's documentation, the magistrate recommended that the motion to revive the October 29, 2013 judgment be granted.

{¶ 8} On June 3, 2025, Roach, now with counsel, objected to the magistrate's decision. He stated that he was in the process of obtaining documentation to support his March 28, 2025 filing, and that he would supplement his objection by affidavit within 30 days. Roach asserted that an independent review of the evidence should lead the trial court to conclude that the judgment was satisfied by previous payments that were not accounted for in Autovest's account statement.

{¶ 9} On July 3, 2025, Roach filed an affidavit in support of his objections, stating that he had satisfied the debt with a final payment in August 2015. He attached two exhibits, both of which he authenticated. Exhibit A consisted of the records that he had maintained regarding his payments on the debt. Exhibit B was a copy of the subpoena duces tecum that his attorney had issued to Wright-Patt Credit Union for the records of Heather Hughes, who had made payments on his behalf. Roach stated in his affidavit that the credit union had not responded with the subpoenaed records. Roach asked for a hearing "so I may present evidence eventually obtained by subpoena and offer my own testimony of prior payments."

{¶ 10} Autovest did not file a response to either Roach's objections or his supplemental objections.

4

{¶ 11} On October 7, 2025, the trial court overruled Roach's objections. It reasoned that despite Roach's issuance of a subpoena in June 2025, he had failed to submit documentation to support his position that the debt had been paid in full. The court found that "the only proof of payment he has submitted, in the form of copies of cashed checks, are payments which have been acknowledged by the Plaintiff." The court granted Autovest's motion to revive the judgment in the amount of $12,193.67, the balance shown on Autovest's statement of account, with interest accruing at the rate of three per cent per annum from the date of the order.

{¶ 12} Roach appeals from the trial court's judgment, raising two assignments of error. Autovest has not filed a responsive appellate brief.

## II. Revival of the 2013 Judgment

{¶ 13} In his first assignment of error, Roach claims that the trial court committed reversible error when it found that the payments he had identified in his objections had been acknowledged by Autovest, because those payments were not included in Autovest's calculation of the amount due and owing. His second assignment of error asserts that the trial court erred in concluding that Roach had failed to show cause that the judgment should not be revived. We address his arguments together.

{¶ 14} Unless certain actions occur, a judgment that is not in favor of the state becomes dormant after five years. R.C. 2329.07(B)(1). Upon becoming dormant, the judgment has no legal effect and may not be enforced, unless the judgment is revived in accordance with R.C. 2325.15. *Discover Bank v. Wells*, 2018-Ohio-4637, ¶ 20 (2d Dist.). "[A] revived judgment is not a continuation of a dormant judgment, but in essence creates a new judgment that a judgment creditor may seek to enforce." *Auto Now Acceptance Co., LLC v. Brickey*, 2020-Ohio-3447, ¶ 9 (4th Dist.).

5

{¶ 15} A dormant judgment may be revived "in the manner prescribed for reviving actions before judgment, or by action in the court in which such judgment was rendered." R.C. 2325.15. A proceeding to revive a judgment may be brought by motion within the original case. *See Omni Credit Servs. v. Leston*, 2013-Ohio-304, ¶ 19.

{¶ 16} A dormant judgment may be revived "[i]f sufficient cause is not shown to the contrary." R.C. 2325.17; *see Worldwide Asset Purchasing, L.L.C. v. Shuster*, 2019-Ohio-1441, ¶ 8 (8th Dist.) ("A motion for revivor of a dormant judgment is granted in the amount the judge finds still due and unsatisfied unless sufficient cause is shown to the contrary."). Ohio appellate courts have interpreted R.C. 2325.17 as requiring trials courts to give the judgment debtor an opportunity to show why a judgment should not be revived. *E.g.*, *Hazelwood Assn., Inc. v. Helfrich*, 2025-Ohio-2968, ¶ 37 (5th Dist.); *Cornerstone Managed Properties, LLC v. Marti*n, 2025-Ohio-662, ¶ 10 (10th Dist.). "The show cause hearing may be summary in nature and may amount to a non-oral hearing to allow the judgment debtor to submit evidentiary materials." *Rindfleisch v. AFT, Inc.*, 2005-Ohio-191, ¶ 12 (8th Dist.).

{¶ 17} A judgment debtor may avoid revival of the judgment by showing that the judgment has been paid, settled, or barred by the statute of limitations. *E.g.*, *Omni Credit Servs. v. Leston*, 2013-Ohio-304, ¶ 19 (2d Dist.), citing *Columbus Check Cashers, Inc. v. Cary*, 2011-Ohio-1091, ¶ 19 (10th Dist.).

{¶ 18} Autovest supported its request to revive the dormant judgment with an unauthenticated statement of account, apparently prepared by Autovest's current law firm. The statement reflected starting balances of $8,404.05 (unpaid principal), $6,897.42 (judgment interest), and $0 (post-judgment interest) as of October 29, 2013, the date of the consent judgment. It listed thirteen payments, beginning in November 2014: (1) monthly payments of $350 from November 2014 to March 2015, (2) two payments of $157.53 in

July 2015, (3) a payment of $315.06 in August 2015, (4) a payment of $157.53 in September 2015, and (5) payments in the following amounts for October 2015 through February 2016, respectively: $445.31, $321.85, $589.71, $325.21, and $189.37. Roach's total payments, according to Autovest, equaled $4,409.10, all of which were credited toward his interest balance.

{¶ 19} Roach's sworn affidavit averred that he had paid the debt in full and that his attached documents (Exhibit A) were true and accurate copies of his records of his prior payments. Exhibit A consisted of copies of several cancelled checks (all paid on the account of Heather Hughes), the cover letters sent with his payments, and contemporaneous notes.

{¶ 20} One page of Exhibit A, dated March 3, 2014, was summary of the telephone conversations Roach had in which he learned of the transfer of the debt from Fulton, Friedman & Gullace ("FF&G") to Targosz and Walker PLLC. Roach wrote that he had contacted FF&G after his February 2014 payment did not post. An automated system indicated that the case had been transferred to Midline Credit Management. When Roach called that entity, he learned that the case was still with FF&G. Roach then spoke to two other individuals and was told that the account was with Nicole Nesbitt at Targosz and Walker PLLC in Michigan. According to Roach's summary, Nesbitt stated that the account was in transition to Cliff Babcock with Reimer law offices in the Cleveland area. Nesbitt advised Roach to send payments to her, made payable to Autovest, until the case opened with Babcock.

{¶ 21} After Roach began sending payments to Babcock, he apparently received a notice regarding the balance due. Exhibit A contains Roach's response, sent in April 2015 to Tom Power of Reimer, Arnovitz, Chernek & Jeffrey. Roach disputed the balance due and asked Powers to adjust the balance.

7

**{¶ 22}** Viewing Roach's Exhibit A, the exhibit indicated that the following payments were made (the payments in bold were included in Autovest's statement of account):

| Date of Cover Letter | Amount | Documentation |
|---|---|---|
| Nov. 8, 2013 | $1,004.05 | Cover letter to FF&G; canceled check #1714 payable to FF&G |
| Dec. 8, 2013 | $350.00 | Cover letter to FF&G; canceled check #1716 payable to FF&G |
| Jan. 15, 2014 | $350.00 | Cover letter to FF&G; March 3, 2014 note (detailing prior payments) |
| Feb. 12, 2014 | $310.00 | Cover letter to FF&G; handwritten reference to check #1758; March 3, 2014 note (detailing prior payments) |
| Mar. 12, 2014 | $350.00 | Cover letter to Nesbitt; Oct. 15, 2014 cover letter to Babcock (describing payment history) |
| Apr. 15, 2014 | $350.00 | Cover letter to Nesbitt; Oct. 15, 2014 cover letter to Babcock (describing payment history) |
| May 15, 2014 | $350.00 | Cover letter to Nesbitt; Oct. 15, 2014 cover letter to Babcock (describing payment history) |
| June 15, 2014 | $350.00 | Cover letter to Nesbitt; canceled check #1738 payable to Autovest |
| July 15, 2014 | $350.00 | Cover letter to Nesbitt; canceled check #1740 payable to Autovest |
| Aug. 15, 2014 | $350.00 | Cover letter to Nesbitt; canceled check #1746 payable to Autovest |
| Sept. 15, 2014 | $350.00 | Cover letter to Nesbitt; Oct. 15, 2014 cover letter to Babcock (describing payment history) |
| Oct. 15, 2014 | $350.00 | Cover letter to Babcock; canceled check #1668 payable to Autovest |
| Nov. 15, 2014 | **$350.00** | Cover letter to Babcock; canceled check #1675 payable to Autovest |
| Dec. 15, 2014 | **$350.00** | Cover letter to Babcock; canceled check #1685 payable to Autovest |
| Jan. 15, 2015 | **$350.00** | Cover letter to Babcock; canceled check #0512 payable to Autovest |
| Feb. 15, 2015 | **$350.00** | Cover letter to Babcock; canceled check #1815 payable to Autovest |
| Mar. 15, 2015 | **$350.00** | Cover letter to Babcock; handwritten reference to balance due of $1,840 |

| | | |
|---|---|---|
| Apr. 15, 2015 | $350.00 | Cover letter to Babcock; April 2015 letter to Powers; handwritten reference to check #1822 and balance due of $1,490 |
| May 15, 2015 | $350.00 | Cover letter to Babcock; handwritten reference to check #1830 and balance due of $1,140 |
| June 15, 2015 | $350.00 | Cover letter to Babcock; handwritten reference to check #1841 and balance due of $790 |
| July 15, 2015 | $350.00 | Cover letter to Babcock; handwritten reference to balance due of $440 |
| Aug. 15, 2015 | $440.00 | Cover letter to Babcock; handwritten reference to last payment |

{¶ 23} Autovest did not file a memorandum in opposition to Roach's supplemental objections. Consequently, it did not respond to Roach's evidence of payments made prior to November 2014. Autovest also did not explain the payments it had received between July 2015 and February 2016, but we note that those occurred following the June 2015 garnishment order.

{¶ 24} Upon review of the record, it is apparent that Roach made multiple payments in accordance with the consent decree that were not accounted for by Autovest's statement of account. The consent decree required Roach to pay $1,004.13 by November 15, 2013, and his documentation, including a canceled check payable to FF&G, substantiated that he did. Roach was required to pay additional monthly payments of $308.33, and his evidence reflected that he made monthly payments in excess of that amount, mostly $350.00. Each cover letter referenced that the payment was being made pursuant to his agreement with FF&G on behalf of Autovest in this case, and Roach provided the case number and the account numbers that each firm had assigned to the matter. Although Roach did not provide canceled checks for every payment, his sworn statement that the loan had been paid in full along with his additional documentation supported a conclusion that they were made.

**{¶ 25}** On this record, we conclude that the trial court erred in determining that Roach had failed to show sufficient cause as to why the October 29, 2013 judgment should not be revived. At a minimum, Roach's evidence established that additional payments had been made beyond those shown on Autovest's statement of account and that Autovest's asserted balance due was inaccurate and inflated. Autovest did not account for *any* payments made prior to the payments being sent to Babcock, including those documented with canceled checks. In contrast, Roach's evidence reasonably supported the conclusion that the loan had been paid in full under the terms of the consent judgment. In our view, Roach's evidence provided "sufficient cause" as to why the motion to revive the dormant judgment should be denied.

**{¶ 26}** Accordingly, Roach's assignments of error are sustained.

### III. Conclusion

**{¶ 27}** The trial court's judgment is reversed.

. . . . . . . . . . . . .

LEWIS, P.J., and HANSEMAN, J., concur.

10