[Cite as *Bank of Am., N.A. v. Mark*, 2013-Ohio-3575.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | : | CASE NO. CA2013-01-012 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>8/19/2013 |
| - vs - | : | |
| | : | |
| DAVID J. MARK, | : | |
| Defendant-Appellant. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2010-05-2042


Manley Deas Kochalski LLC, Edward H. Cahill, P.O. Box 165028, Columbus, Ohio 43216, for plaintiff-appellee

Charles H. Bartlett, Jr., 917 Main Street, Suite 300, Cincinnati, Ohio 45202, for defendant-appellant


**M. POWELL, J.**

{¶ 1} Defendant-appellant, David Mark, appeals a decision of the Butler County Court of Common Pleas denying his motion for a continuance and granting summary judgment in favor of plaintiff-appellee, Bank of America, N.A., in a foreclosure action.

{¶ 2} On May 10, 2010, U.S. Bank, N.A. filed a foreclosure complaint against Mark. Mark timely filed an answer generally denying each of U.S. Bank's allegations, and a

counterclaim. Identifying U.S. Bank as the "successor in interest" to Countrywide Bank, Mark alleged that Countrywide induced him to refinance his original mortgage to his detriment, "thereby breaching its fiduciary duties to [Mark], committing fraud in the inducement, and deriving unconscionable profits and fees to Countrywide[.]" U.S. Bank timely filed a reply to the counterclaim. Mark did not seek discovery regarding either U.S. Bank's claims or his counterclaim at this time.

{¶ 3} Over the next several months, the parties attempted to reach a loan modification; the trial court held status reports to monitor the progress of the case. However, the parties' efforts proved to be unsuccessful.

{¶ 4} On February 3, 2012, U.S. Bank served its First Set of Interrogatories, Request for Admissions, and Request for Production of Documents on Mark. On February 22, the trial court substituted "Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP" (the "Bank") as the plaintiff. On June 20, counsel for Mark filed a Notice of Disqualification. Six days later, new counsel entered an appearance on behalf of Mark.

{¶ 5} On July 6, 2012, the trial court was informed that Mark was denied a loan modification because (1) he was $90,000 in arrears, (2) he needed $45,000 to buy down the arrears to secure a loan modification, and (3) he had not been escrowing a sufficient amount of the mortgage payments over the past three years to reach that amount. On July 10, the trial court issued a scheduling order with a discovery cut-off date of October 10, 2012. Summary judgment motions were to be filed by October 31, 2012, with responses by November 21, 2012, and replies by November 28, 2012. At the time, Mark had still not conducted any discovery with regard to either the Bank's claims or his counterclaim.

{¶ 6} On October 31, 2012, Mark filed responses to the Bank's request for admissions. Mark, however, never responded to the Bank's interrogatories. Mark continued

to forego discovery with regard to either the Bank's claims or his counterclaim. In fact, Mark never conducted any discovery during the entire pendency of the case. On October 31, 2012, the Bank moved for summary judgment and default judgment.

{¶ 7} On November 26, 2012, Mark filed a memorandum opposing the Bank's motion for summary judgment. Mark also filed a Civ.R. 56(F) motion for additional time to conduct discovery as it "may raise issues of fact" that would preclude summary judgment. Mark asserted that (1) he had never been provided with a copy of the "Credit File Documents," (2) in order to "completely address" the Bank's motion for summary judgment, it was necessary to "obtain appropriate documents and discovery from Plaintiff and depose Plaintiff's representatives and witnesses," (3) "a legal argument need[ed] to be explored as to whether or not [Mark] was a minority shareholder in [the Bank]," (4) he was in the process of applying for a loan modification for a third time, (5) "[f]or these reasons, [he had] been of the understanding that discovery and other proceedings were better suspended while attempting to reach [an] agreement" with the Bank, and (6) the motion for summary judgment "should be overruled because it unreasonably denies [him] a pretrial opportunity to fully prepare his case for litigation."

{¶ 8} The Bank filed a reply to Mark's memorandum. On December 14, 2012, with leave of court, Mark filed a supplemental memorandum opposing the Bank's motion for summary judgment and a second Civ.R. 56(F) motion for continuance. Mark asserted (1) he was the victim of subprime lending practices by Countrywide, (2) he needed to "obtain the loan origination and closing documents" and "cross-examine the Plaintiff's loan officers (whose identity was unknown to him) regarding Countrywide's practices," (3) up until then, he had concentrated his efforts and finances in trying to obtain a loan modification, (4) however, his efforts had failed and he was "in need of additional time to now apply his efforts and finances to discover evidence of the fraud and predatory lending practices of Plaintiff's

predecessor in interest, Countrywide," and (5) he was asking for an opportunity to obtain the loan documents "so that he may review these documents and supplement his response" to the Bank's motion for summary judgment.

{¶ 9} Mark filed an affidavit in support of his supplemental memorandum as well as an affidavit in support of his Civ.R. 56(F) motion. The latter states:

> The reason I have, up until now, directed my attorneys not to pursue discovery from Bank of America of my loan documents * * * together with depositional testimony, is that I have very limited resources from which to save for any lump sum payment required of me by Bank of America for a loan modification. So far, it has been my understanding that once loan modification is approved, I will have to provide a substantial payment, possibly up to 50%, on my mortgage arrears, which are estimated to be in excess of $90,000.00. In hopes that I would be able to save enough money to satisfy Bank of America's demand and modify my loan, I have not been willing to expend those resources for attorney fees and other costs of taking depositions of Bank of America's employees. I believe these documents will establish the predatory and fraudulent practices of Countrywide, in support of counterclaim for damages and my defense based on failure of consideration. * * * This will establish that I have been the victim of illegal lending practices, and that there is a genuine issue of material fact from which this Court can determine that I should obtain Judgment in my favor as a matter of law.

{¶ 10} On December 21, 2012, the trial court denied Mark's Civ.R. 56(F) motion for additional time to conduct discovery, granted the Bank's motions for summary judgment and default judgment, entered a judgment in favor of the Bank in the amount of $156,165.85, and ordered the sale of the property. The trial court noted that Mark did not dispute the execution of the note and mortgage, or that he was in default. Rather, Mark argued there was a genuine issue of material fact as to whether he was fraudulently induced into refinancing his home. The trial court noted, however, that Mark's affidavit in support of his supplemental memorandum in opposition to the motion for summary judgment was self-serving. Further, Mark had failed to provide any "evidentiary quality material or specific facts required by [Civ.R.] 56(E) to demonstrate that summary judgment should be precluded."

{¶ 11} Mark appeals, raising two assignments of error which will be considered together.

{¶ 12} Assignment of Error No. 1:

{¶ 13} THE TRIAL COURT ERRED IN DENYING APPELLANT'S CIVIL RULE 56(F) MOTION TO PERMIT APPELLANT ADDITIONAL TIME TO CONDUCT DISCOVERY.

{¶ 14} Assignment of Error No. 2:

{¶ 15} THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

{¶ 16} In his first assignment of error, Mark argues the trial court abused its discretion in denying his Civ.R. 56(F) motion. In his second assignment of error, Mark argues the trial court erred in granting summary judgment in favor of the Bank because it unreasonably denied him the opportunity to conduct discovery and show genuine issues of material fact exist.

{¶ 17} Specifically, Mark asserts that (1) during the two and one-half years the case was pending, the parties were actively trying to reach a loan modification, and Mark was led to believe a loan modification was feasible, (2) as a result, Mark "was of the understanding that discovery and other proceedings were better suspended while attempting to reach [an] agreement," (3) "it was as if the case were in limbo and only just began in earnest when [the Bank] decided to file for Summary Judgment," (4) having unsuccessfully concentrated his efforts and finances in trying to obtain a loan modification, he was "in need of additional time to apply his efforts and finances to discover evidence of [Countrywide's] fraud and predatory lending practices," and (5) adequate time to conduct discovery was not available to him.

{¶ 18} Civ.R. 56(F) provides:

> Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the

- 5 -

party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶ 19} Civ.R. 56(F) "affords a party a mechanism whereby it can seek deferral of action on a motion for summary judgment so that it may obtain affidavits opposing the motion or conduct discovery relevant to it." *Gates Mills Invest. Co. v. Pepper Pike*, 59 Ohio App.2d 155, 168-169 (8th Dist.1978). A motion for a continuance to conduct discovery under Civ.R. 56(F) "'must be supported by a proper affidavit. Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment. Instead, the party seeking the Civ.R. 56(F) continuance must state a factual basis and reasons why the party cannot present sufficient documentary evidence without a continuance.'" *Silver v. Jewish Home of Cincinnati*, 190 Ohio App.3d 549, 2010-Ohio-5314, ¶ 20 (12th Dist.), quoting *St. Joseph's Hosp. v. Hoyt*, 4th Dist. Washington App. No. 04CA20, 2005-Ohio-480, ¶ 24. "Simply requesting a continuance in order to conduct discovery is not a sufficient explanation for why a party cannot present affidavits in opposition to the motion for summary judgment." *Perpetual Fed. Sav. Bank v. TDS2 Property Mgt., L.L.C.*, 10th Dist. Franklin No. 09AP-285, 2009-Ohio-6774, ¶ 13.

{¶ 20} "A party who seeks a continuance for further discovery is not required to specify what facts he hopes to discover, especially where the facts are in the control of the party moving for summary judgment. However, the court must be convinced that there is a likelihood of discovering some such facts." *Bank of Am. v. McGlothin*, 2d Dist. Clark No. 2012 CA 96, 2013-Ohio-2755, ¶ 15. Lack of diligence in pursuing discovery by the party moving under Civ.R. 56(F) militates against grant of a delay and undermines that party's claim that sufficient reasons exist for a Civ.R. 56(F) continuance. *Internatl. Bhd. of Electrical*

*Workers, Loc. Union No. 575 v. Settle-Muter Elec., Ltd.*, 12th Dist. Fayette No. CA2012-02-003, 2012-Ohio-4524, ¶ 37; *Doriott v. M.V.H.E., Inc.*, 2d Dist. Montgomery No. 20040, 2004-Ohio-867, ¶ 47. The bare assertion that supporting evidence is in the hands of the other party is insufficient to warrant relief under Civ.R. 56(F). *Christian v. Beacon Journal Publishing Co.*, 9th Dist. Summit No. 11564, 1984 WL 5179, *1 (July 18, 1984).

{¶ 21} A trial court maintains the discretion to manage the discovery process. *Settle-Muter*, 2012-Ohio-4524 at ¶ 38. Granting a continuance under Civ.R. 56(F) is within the discretion of the trial court and is not mandatory. *Id.* Therefore, an appellate court will not reverse a trial court's decision regarding the discovery process absent an abuse of discretion. *Id.*

{¶ 22} The trial court denied Mark's Civ.R. 56(F) motion on the grounds Mark "voluntarily ignored" the discovery deadline in the scheduling order, and "that to extend discovery for [Mark] less than one month before trial for the sole purpose of determining whether a defense or claim exists for [Mark] would be prejudicial to the [Bank]."[1] The trial court also found that (1) Mark's insistence he was denied an opportunity to fully defend his claim was disingenuous, (2) Mark, who was legally represented throughout the case, had ample time to conduct discovery and amend his answer as litigation had been ongoing for two and one-half years, (3) Mark had indications throughout the process that a loan modification was not certain, and (4) yet, after the scheduling order was issued and the parties were informed the matter was going to trial in about six months, Mark chose not to conduct any discovery and instead chose to continue working toward a loan modification.

{¶ 23} Based upon the facts of this case, the trial court did not abuse its discretion in denying Mark's Civ.R. 56(F) motion. As noted earlier, Mark failed to conduct any discovery

---

1. A bench trial was scheduled for January 8, 2013. Mark filed a Civ.R. 56(F) motion on November 26, 2012 and again on December 14, 2012.

during the entire pendency of this case. Further, Mark did not move the trial court to stay discovery while negotiations regarding loan modification were ongoing, and never sought an extension of the discovery deadlines.[2] Rather, Mark deliberately chose to forego any discovery and instead, chose to solely focus on trying to get a loan modification. However, as the trial court found, Mark had "indications throughout the process that a loan modification was not certain."

> In fact, [Mark] knew as early as August 30, 2011 when [the Bank] informed him that it may not be able to offer a loan modification as the arrears were excessive. The [Bank's] file was placed on hold to allow consideration of [Mark's] application for a loan modification and [Mark] was advised to save his mortgage payments for a lump sum good faith payment. On February 23, 2012, [Mark] was denied a loan modification due to his income not being sufficient. At that time, [Mark] was informed that [the Bank] would consider attempts at loan modification, but that [the Bank] was proceeding with its file towards judgment. Furthermore, [the Bank's] intentions clearly were to proceed to judgment as [it] propounded discovery to [Mark] in February 2012. On June 26, 2012, [Mark] was notified of a second denial of loan modification. At that time, a Case Scheduling Order was issued and the parties were informed that this matter was going to trial in approximately six months. No discovery efforts were made by [Mark] thereafter. Instead, [Mark] chose to continue to work towards a loan modification.

{¶ 24} Contrary to Mark's assertion, this is not a case where a party was denied a meaningful opportunity to fully prepare his case and assert his defenses and counterclaims. Rather, the predicament in which Mark found himself was of his own doing. A party involved in litigation cannot sit on his hands and ignore the proceedings only to later claim an unfair disadvantage. *See Jenkins v. Jenkins*, 12th Dist. Butler No. CA2010-09-238, 2012-Ohio-48; *PHH Mtge. Corp. v. Northrup*, 4th Dist. Pickaway No. 11CA6, 2011-Ohio-6814. Even if Mark was involved in negotiations toward a loan modification, he was still under an obligation to

---

2. We also note that Mark failed to give the trial court a specific time frame for the completion of discovery nor presented a detailed assessment of what the depositions of still unknown loan officers would reveal.

properly attend to his legal affairs.

{¶ 25} "The tools and devices of discovery are more than options and opportunities." *Southern Rambler Sales, Inc. v. Am. Motors Corp.*, 375 F.2d 932, 937 (5th Cir.1967). As the Second Appellate District noted in *Doriott*, "Civ.R. 56(C) imposes burdens on non-moving parties which they ignore at their peril." *Doriott*, 2004-Ohio-867 at ¶ 50. While the rule does not provide for sanctions, "a non-moving party who fails to preserve a genuine issue of material fact risks a merit judgment in favor of the movant. The same applies to a Civ.R. 56(F) motion." *Id.* Where the party seeking the continuance has not undertaken any discovery since an action was filed, and ample time to do that has passed, the party's own lack of diligence undermines any claim that the Civ.R. 56(F) motion should be granted. *Id.* at ¶ 47, 50; *Settle-Muter*, 2012-Ohio-4524 (a party's lack of diligence weighs against the granting of a Civ.R. 56(F) continuance).

{¶ 26} In light of the foregoing, we find the trial court did not err in denying Mark's Civ.R. 56(F) motion for additional time to conduct discovery. Because Mark challenged the grant of summary judgment in favor of the Bank solely on the ground he was unreasonably denied the opportunity to conduct discovery, we likewise find the trial court did not err in granting summary judgment in favor of the Bank. Mark's first and second assignments of error are overruled.

{¶ 27} Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.