[Cite as *Columbus Check Cashers, Inc. v. Jordan*, 2014-Ohio-2541.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Columbus Check Cashers, Inc., | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 13AP-980 |
| v. | : | (M.C. No. 2005 CVI 043090) |
| Kimberly A. Jordan, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

### D E C I S I O N

### Rendered on June 12, 2014

*Kevin O'Brien & Associates Co., LPA*, and *Kevin O'Brien*, for appellant.

### APPEAL from the Franklin County Municipal Court

SADLER, P.J.

{¶ 1} Plaintiff-appellant, Columbus Check Cashers, Inc., appeals from a judgment of the Franklin County Municipal Court denying its motion for a conditional order of revivor. For the following reasons, we affirm the judgment of the trial court.

## I. BACKGROUND

{¶ 2} On August 22, 2006, appellant obtained judgment against appellee in the amount of $1,200.25, plus interest at the rate of 6 percent per annum and court costs. The judgment remained unpaid during the life of the judgment and became dormant. On June 20, 2013, appellant filed a motion requesting a conditional order of revivor, incorporating by reference the judgment entered in its favor on August 22, 2006. The trial court denied appellant's motion for a conditional order of revivor on the basis that

Loc.R. 6.11 prohibits conditional orders of revivor when attempting to revive a dormant judgment.

## II. ASSIGNMENT OF ERROR

{¶ 3} Appellant brings a sole assignment of error for our consideration:

> FRANKLIN COUNTY MUNICIPAL COURT LOC. R. 6.11 IS INVALID IN THAT IT CONFLICTS WITH SECTION 2325.17, R.C., ET SEQ., BY NOT PERMITTING A CONDITIONAL ORDER OF REVIVOR TO BE GRANTED.

## III. DISCUSSION

{¶ 4} In its sole assignment of error, appellant contends that Loc.R. 6.11 of the Franklin County Municipal Court is invalid because it conflicts with R.C. 2325.15 and 2325.17. Specifically, appellant contends that, because the aforementioned statutes permit the immediate granting of a conditional order of revivor upon the filing of a motion to revive a dormant judgment, the trial court erred in concluding that Loc.R. 6.11 prohibits the granting of conditional orders of revivor.

{¶ 5} Courts are vested with the inherent authority to promulgate local rules. *McCallister v. Frost*, 10th Dist. No. 07AP-884, 2008-Ohio-2457, ¶ 18, citing *Cassidy v. Glossip*, 12 Ohio St.2d 17, 21 (1967). Such rules are enforceable so long as they do not conflict with the express requirements of a statute. *Id.*, citing *State ex. rel. MADD v. Gosser*, 20 Ohio St.3d 30 (1985), paragraph three of the syllabus. Accordingly, we must determine whether Loc.R. 6.11 conflicts with the express requirements of either R.C. 2325.15 or 2325.17.

{¶ 6} Loc.R. 6.11, titled "Reviving Dormant Judgments," became effective May 21, 2013, approximately one month prior to appellant's filing of the motion for a conditional order of revivor at issue here and provides, in part: "[t]o revive a dormant judgment, a judgment creditor shall file a motion to revive dormant judgment, which the clerk shall serve in accordance with Civ.R. 4(F). No conditional order of revivor will be granted."

{¶ 7} R.C. 2325.15 sets forth the procedure for reviving dormant judgments, providing:

> When a judgment * * * is dormant, or when a finding for money in equitable proceedings remains unpaid in whole or in part, under the order of the court therein made, such

judgment may be revived, or such finding made subject to execution as judgments at law are, in the manner prescribed for reviving actions before judgment, or by action in the court in which such judgment was rendered or finding made, or in which transcript of judgment was filed.

{¶ 8} R.C. 2325.17 addresses when a judgment can be considered revived, providing:

If sufficient cause is not shown to the contrary, the judgment or finding mentioned in section 2325.15 of the Revised Code shall stand revived, and thereafter may be made to operate as a lien upon the lands and tenements of each judgment debtor for the amount which the court finds to be due and unsatisfied thereon to the same extent and in the same manner as judgments or findings rendered in any other action.

{¶ 9} Despite both R.C. 2325.15 and 2325.17 being devoid of any language regarding a conditional order of revivor, appellant argues that *Jenkins Evangelistic Assn., Inc. v. Equities Diversified, Inc.*, 64 Ohio App.3d 82 (10th Dist.1989), stands for the proposition that the granting of a conditional order of revivor is an established and accepted practice that is permitted by R.C. 2325.15 and 2325.17.[1] In *Jenkins*, we considered whether the procedure for reviving judgments by a conditional order, as provided by R.C. 2311.27 and 2311.28, had been superseded by the adoption of Civ.R. 25. In the context of determining whether the civil rules superseded the procedure for reviving dormant judgments by a conditional order, the *Jenkins* court noted that R.C. 2311.27 and 2311.28 had, prior to their repeal in 1971, expressly authorized conditional orders of revivor.[2] Recognizing that R.C. 2325.15 is devoid of any language establishing a standard of procedure regarding conditional orders of revivor, we went on to state, "[i]nasmuch as the language of present R.C. 2325.15 strongly suggests this procedure is still available, we conclude that those provisions of R.C. 2311.27 and 2311.28 pertaining to

---

[1] We note that appellant cites to cases that discuss conditional orders of revivor that predate the enactment of Loc.R. 6.11. We find these cases not applicable to the conflict question raised in this appeal.

[2] Repealed R.C. 2311.27, titled "Revivor by conditional order," provided in part: "[a] revivor may be effected by a conditional order of the court, if made in term, or by a judge thereof, if in vacation, that the action be revived in the name of the representative or successor of the party who died, or whose powers ceased, and proceed in favor of or against him."

conditional orders of revivor were not superseded by Civ.R. 25 and still provide the procedure to be followed." *Id.* at 87.

{¶ 10} Initially, we note that *Jenkins'* focus was on R.C. 2311.27 and 2311.28, which concerned revivor of actions where a party dies or becomes incompetent and requires another party be substituted in its place. Moreover, our conclusion in *Jenkins* was premised upon the application of the Ohio Rules of Civil Procedure's "taking effect," as delineated in Section 3 of Am.H.B. No. 1201, which provides:

> [P]rocedures adopted by reference to sections 2311.14 to 2311.20, inclusive, of the Revised Code, shall continue effective without change, *unless a court shall determine that one of such sections, or some part thereof, has clearly not been superseded by such rules and that in the absence of such section or part thereof being effective, there would be no applicable standard of procedure prescribed by either statutory law or rule of court.*

(Emphasis sic.) *Id.*

{¶ 11} Hence, when this court decided *Jenkins*, because (1) the repealed provisions of R.C. 2311.27 and 2311.28 provided procedures by reference to R.C. 2325.15 and 2325.17, (2) the procedures established by the repealed provisions of R.C. 2311.27 and 2311.28 had not been superseded by the recently enacted civil rules, and (3) in the absence of R.C. 2311.27 and 2311.28, there would be no standard or procedure prescribed by either statutory law or rule of court, it permitted the continued use of the conditional orders of revivor as prescribed in the repealed provisions of R.C. 2311.27 and 2311.28.

{¶ 12} In contrast, we are now presented with a "standard of procedure prescribed by * * * rule of court," i.e., Loc.R. 6.11. *Id.* Loc.R. 6.11 prescribes the applicable procedure for reviving dormant judgments and includes a prohibition on the granting of conditional orders of revivor. To the extent the *Jenkins* court noted that R.C. 2325.15 "strongly suggest[ed]" that a procedure allowing for conditional orders of revivor may still be available, that in itself is a recognition that R.C. 2325.15 does not establish or provide for such procedure. Because there was neither statutory law nor rule of court prescribing a procedure for the use of conditional orders of revivor, the *Jenkins* court allowed the practice provided for in the repealed provisions of R.C. 2311.27 and 2311.28 to continue. As stated above, Loc.R. 6.11 now establishes a standard of procedure for reviving dormant

judgments.  As such, we must determine whether the procedures established pursuant to Loc.R. 6.11 conflict with R.C. 2325.15 and 2325.17.

{¶ 13} The plain language of R.C. 2325.15 and 2325.17 state that, unless sufficient cause is established otherwise, a dormant judgment can be revived upon action in the court in which said judgment was rendered.  Contrary to appellant's assertion, the aforementioned statutes do not establish that the trial court must grant a conditional order of revivor subsequent to the filing of a motion to revive a dormant judgment. Because the plain language of R.C. 2325.15 and 2325.17 do not provide for the use of granting of conditional orders of reviver, we find that Loc.R. 6.11's prohibition on conditional orders of revivor does not conflict with the express requirements of the aforementioned statutes.  Thus, we find the trial court did not err in concluding that the granting of a conditional order of revivor was prohibited by Loc.R. 6.11.

{¶ 14} Accordingly, appellant's sole assignment of error is overruled.

## IV.  CONCLUSION

{¶ 15} Having overruled appellant's sole assignment of error, the judgment of the Franklin County Municipal Court is hereby affirmed.

*Judgment affirmed.*

CONNOR and LUPER SCHUSTER, JJ., concur.

_____