[Cite as *Manitou v. Woolum*, 2019-Ohio-2674.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| MANITOU AMERICAS, INC. fka GEHL COMPANY, | : | CASE NO. CA2018-05-103 |
| | : | O P I N I O N |
| Appellee, | | 7/1/2019 |
| | : | |
| - vs - | : | |
| | : | |
| NOAH K. WOOLUM dba NOAH'S FARMS, | : | |
| Appellant. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2011-08-2972

Hochscheid & Associates, LLC, Tabitha M. Hochscheid, 810 Sycamore Street, Suite 420, Cincinnati, Ohio 45202, for appellee

Holcomb & Hyde, LLC, Richard A. Hyde, 332 High Street, Hamilton, Ohio 45011, for appellant

**M. POWELL, J.**

{¶ 1} Appellant, Noah K. Woolum dba Noah's Farms ("Woolum"), appeals an order of the Butler County Court of Common Pleas reviving a dormant judgment against him.

{¶ 2} On March 8, 2012, appellee, Manitou Americas, Inc. fka Gehl Company ("Manitou"), obtained a default judgment against Woolum in the amount of $26,943.15, plus

interest at the rate of 4.5 percent per annum and court costs. The judgment became dormant. On January 9, 2018, Manitou moved the trial court to revive the judgment. The clerk of courts sent a summons and a copy of the motion for revivor to Woolum by certified mail at an address on New London Road in Hamilton, Ohio. On January 18, 2018, service was successfully made upon Woolum by certified mail. Woolum took no action.

{¶ 3} On January 25, 2018, a magistrate issued a Conditional Order of Revivor and Praecipe. The conditional order revived the judgment, scheduled a hearing for March 20, 2018, "at which time [Woolum] may show cause why the judgment should not be revived," and ordered that the conditional order be served upon Woolum by certified mail. The conditional order further provided, "Upon service, [Woolum] shall have [28] days to file a response with the Court or their right to challenge will be forfeited and this Conditional Order shall become the final order of the Court."

{¶ 4} The clerk of courts sent Woolum a copy of the conditional order by certified mail on January 30, 2018. The order was sent to the same New London Road address above. The certified mail was returned as "unclaimed." Subsequently, Woolum was successfully served with the conditional order by ordinary mail on March 5, 2018. On March 21, 2018, Woolum's counsel filed a notice of appearance and an objection to the conditional order of revivor, requesting a hearing. Woolum claimed his objection was timely filed because he was not served with the conditional order of revivor until March 5, 2018.

{¶ 5} On April 26, 2018, the trial court overruled Woolum's objection without a hearing. The trial court found that Woolum was personally served with the motion for revivor on January 18, 2018. The trial court further found that Woolum's "objection was not filed until 62 days after he personally accepted receipt of the motion," and was therefore untimely.

{¶ 6} Woolum appeals, raising one assignment of error:

{¶ 7} THE TRIAL COURT DID COMMIT REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S OBJECTION AND MOTION FOR A HEARING.

{¶ 8} Woolum argues he was denied procedural due process because the conditional order was issued before the time frame for a response had passed, and the dormant judgment was revived without giving him an opportunity to show cause as to why the judgment should not be revived. Woolum acknowledges he was served with the motion for revivor on January 18, 2018. Woolum asserts that he and his attorney appeared for the March 20, 2018 hearing as scheduled in the conditional order, however no hearing was held. The docket does not reflect that a hearing was held on March 20, 2018. The following day, Woolum filed his objection to reviving the judgment. A month later, the trial court overruled the objection as untimely and revived the judgment without a hearing.

{¶ 9} A proceeding to revive a judgment is not a new action, but merely a motion in the original action. *State v. Jones*, 12th Dist. Warren No. CA2000-02-015, 2000 Ohio App. LEXIS 4802, *8 (Oct. 16, 2000); *Omni Credit Servs. v. Leston*, 2d Dist. Montgomery No. 25287, 2013-Ohio-304, ¶ 19. Revivor of a dormant judgment is a statutory proceeding governed by R.C. 2325.15 and 2325.17. *Leston* at ¶ 21.

{¶ 10} R.C. 2325.15 addresses the procedures set forth for reviving dormant judgments and provides that "[w]hen a judgment * * * is dormant, * * * such judgment may be revived * * * in the manner prescribed for reviving actions before judgment, or by action in the court in which such judgment was rendered[.]"

{¶ 11} R.C. 2325.17 addresses when a judgment can be considered revived and the time frame in which a lien attaches to a judgment debtor's property once a dormant judgment is revived:

> If sufficient cause is not shown to the contrary, the judgment * *
> * mentioned in [R.C.] 2325.15 shall stand revived, and thereafter
> may be made to operate as a lien upon the lands and tenements

of each judgment debtor for the amount which the court finds to be due and unsatisfied thereon to the same extent and in the same manner as judgments or findings rendered in any other action.

{¶ 12} "Notice and hearing or an opportunity to be heard are essential elements of due process of law." *In re Sticklen*, 12th Dist. Butler Nos. CA90-11-219 and CA91-02-024, 1992 Ohio App. LEXIS 3696, *6 (July 13, 1992), citing *State ex rel. Allstate Ins. Co. v. Bowen*, 130 Ohio St. 347 (1936). It is settled law that a judgment debtor is entitled to notice and a hearing before a dormant judgment is revived. *State v. Graewe*, 8th Dist. Cuyahoga No. 77545, 2000 Ohio App. LEXIS 3511, *3 (Aug. 3, 2000).

{¶ 13} Regarding notice, Civ.R. 4(F) provides that upon the filing of a motion to revive a dormant judgment,

> the clerk shall forthwith issue a summons for service upon each judgment debtor. The summons, with a copy of the motion attached, shall be in the same form and served in the same manner as provided in these rules for service of summons with complaint attached, shall command the judgment debtor to serve and file a response to the motion within the same time as provided by these rules for service and filing of an answer to a complaint, and shall notify the judgment debtor that in case of failure to respond the judgment will be revived.

{¶ 14} Thus, pursuant to Civ.R. 4(F), a judgment debtor has 28 days to file an answer after service of the summons and motion upon him. If no answer is filed, the dormant judgment is revived. *See Larney v. Vlahos*, 11th Dist. Trumbull No. 2015-T-0103, 2016-Ohio-1371.

{¶ 15} Regarding an opportunity to be heard, "R.C. 2325.17 requires the judgment debtor be granted an opportunity to show cause why the judgment should not be revived, which could only be done at a hearing before the court." *Leroy Jenkins Evangelistic Assn., Inc. v. Equities Diversified, Inc.*, 64 Ohio App.3d 82, 88 (10th Dist.1989). "Although an action to revive a judgment and a show cause hearing may be summary in nature, such an

- 4 -

opportunity must be granted to meet fundamental requirements of due process." *Id. See also Vlahos*; *Leston*, 2013-Ohio-304.

{¶ 16} Woolum was personally served with a copy of the motion for revivor on January 18, 2018. He was therefore "notified of the existence and nature of the proceeding and given an opportunity to respond." *Jones*, 2000 Ohio App. LEXIS 4802 at *4. That is, Woolum "was clearly on notice that [Manitou] sought to revive" the dormant judgment. *Leston* at ¶ 27. Consequently, Woolum was required to respond by February 15, 2018, pursuant to Civ.R. 4(F). Woolum took no action at all in response to the motion and instead simply filed an objection on March 21, 2018. Woolum's objection was clearly untimely and the trial court did not err in so finding.

{¶ 17} Woolum nevertheless asserts he was "denied the opportunity to present his case before the [trial] court" because the hearing scheduled for March 20, 2018, in the conditional order never took place.

{¶ 18} Regarding the conditional order issued by the magistrate on January 25, 2018, we note that as written, R.C. 2325.15 ostensibly provides two methods for reviving a judgment, one by following the procedure for reviving an action prior to judgment, and the other by an action in the court in which the judgment was granted. *Leroy*, 64 Ohio App.3d at 86. Manitou utilized the latter procedure when it filed its motion for revivor. The other procedure, one for reviving an action prior to judgment, was set forth in R.C. 2311.27 and 2311.28. *Id.* Prior to their repeal in 1971, these two statutes "expressly authorized conditional orders of revivor." *Columbus Check Cashers, Inc. v. Jordan*, 10th Dist. Franklin No. 13AP-980, 2014-Ohio-2541, ¶ 9.

{¶ 19} By contrast, R.C. 2325.15 and 2325.17, the applicable statutes in this case, are "devoid of any language regarding a conditional order of revivor." *Id.* "The plain language of R.C. 2325.15 and 2325.17 state that, unless sufficient cause is established

otherwise, a dormant judgment can be revived upon action in the court in which said judgment was rendered." *Id.* at ¶ 13. These statutes "do not establish that the trial court must grant a conditional order of revivor subsequent to the filing of a motion to revive a dormant judgment." *Id.* Their plain language likewise "do[es] not provide for the use of granting of conditional orders of reviver [sic]." *Id.*; *Columbus Rehab. Care v. Peck*, Franklin C.P. No. 05 CVH-529, 2015 Ohio Misc. LEXIS 12090 (July 27, 2015).

{¶ 20} Notwithstanding the conditional order issued by the magistrate, Civ.R. 4(F) required Woolum to respond to Manitou's motion for revivor by February 15, 2018. As stated above, Woolum took no action until March 21, 2018. Furthermore, as Woolum was not served with the conditional order until March 5, 2018, he may not claim that he relied upon the conditional order in failing to respond timely to the motion for revivor as set forth in the summons served upon him on January 18, 2018. Thus, pursuant to R.C. 2325.17 and in accordance with the dictates of procedural due process, the judgment was revived as of February 15, 2018. *See Vlahos*, 2016-Ohio-1371.

{¶ 21} Contrary to Woolum's assertion, this is not a case where a party was denied a meaningful opportunity to assert his opposition to the motion for revivor and show cause why the dormant judgment should not be revived. Rather, the predicament in which Woolum finds himself was of his own doing. A party involved in litigation cannot sit on his hands and ignore the proceedings only to later claim an unfair disadvantage. *See Bank of Am., N.A. v. Mark*, 12th Dist. Butler No. CA2013-01-012, 2013-Ohio-3575.

{¶ 22} In light of the foregoing, we conclude that the trial court properly granted Woolum notice and an opportunity to show cause why the dormant judgment against him should not be revived, and that upon receiving the motion for revivor and then receiving the conditional order, Woolum chose to do nothing until late March 2018 when he appeared for a hearing and filed an objection the next day. Accordingly, the trial court properly revived

the dormant judgment.

{¶ 23} Woolum's assignment of error is overruled.

{¶ 24} Judgment affirmed.


RINGLAND, P.J. and MYERS, J., concur.



Myers, J. of the First Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A) (3), Article IV of the Ohio Constitution.