[Cite as *Columbus Div. of Income Tax v. Yockey*, 2020-Ohio-3290.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| City of Columbus,<br>Division of Income Tax, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | No. 19AP-559<br>(C.P.C. No. 04CV-12373) |
| Brian L. Yockey, | : | |
| | : | (REGULAR CALENDAR) |
| Defendant-Appellant, | : | |
| | : | |
| American Refrigeration<br>& Heating Service, Inc., | : | |
| | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 11, 2020

**On brief:** *Linebarger Goggan Blair & Sampson, LLP,* and *George H. Calloway,* for appellee.

**On brief:** *Onda, LaBuhn, Rankin & Boggs Co., LPA, Timothy S. Rankin,* and *John P. Miller,* for appellant Brian L. Yockey.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Brian L. Yockey, appeals from a decision and entry of the Franklin County Court of Common Pleas denying his motion to vacate a revived judgment. For the following reasons, we reverse.

**I. Facts and Procedural History**

{¶ 2} On November 23, 2004, plaintiff-appellee, City of Columbus, Division of Income Tax, filed a complaint against defendants Yockey and American Refrigeration &

Heating Service, Inc. for delinquent withholding taxes. After defendants failed to answer, the trial court entered a default judgment against Yockey and American Refrigeration & Heating on March 1, 2005 in the amount of $32,007.54 plus interest.

{¶ 3} More than 13 years later, on August 28, 2018, the City of Columbus filed a motion to revive judgment, requesting service to Yockey by certified mail. On August 30, 2018, the clerk sent certified mail service of the motion to revive to Yockey at 28 Joshua Lane, Granville, Ohio 43023 (the "Joshua address"). Subsequently, on October 23, 2018, the clerk filed to the docket a notice of failure of service as "not deliverable as addressed." The clerk also docketed a failure of service for American Refrigeration & Heating Service. Yockey maintains he never received service of the motion to revive.

{¶ 4} After sending service by certified mail to the Joshua address, the trial court entered a conditional order of revivor and notice of non-oral hearing on the motion to revive judgment on September 16, 2018. The conditional order stated it revived the original judgment and set a non-oral hearing for October 2, 2018.

{¶ 5} It was not until either on or after the October 2, 2018 hearing date that the trial court requested service of the conditional order on Yockey. On October 3 and 4, 2018, the clerk issued service of the conditional order by ordinary mail to Yockey at both the Joshua address and at P.O. Box 340, Blacklick, Ohio 43004-0340 (the "Blacklick address"). Subsequently, on November 30, 2018, the clerk docketed a "failure of service" notice of the conditional order at both the Blacklick address and the Joshua address, as well as failure of service to American Refrigeration & Heating Service. Yockey maintains he never received notice of the conditional order.

{¶ 6} On October 8, 2018, the trial court entered a final order reviving dormant judgment (the "revived judgment"), specifically citing Yockey's failure to respond to or oppose the motion to revive. Subsequently, on February 20, 2019, the City of Columbus relied on the revived judgment to issue a certificate of judgment lien in Licking County.

{¶ 7} Subsequently, on April 25, 2019, Yockey filed a motion to vacate revived judgment, arguing the revived judgment was void for lack of jurisdiction due to both lack of proper service and lack of opportunity for a hearing. The City of Columbus opposed the motion to vacate, arguing Yockey's only remedy was to file an appeal of a Civ.R. 60(B)

motion attacking the revived judgment. Yockey filed a reply on May 16, 2019 arguing the trial court had the inherent power to vacate a void judgment.

{¶ 8} In a July 23, 2019 decision and entry, the trial court denied Yockey's motion to vacate. Specifically, the trial court determined Yockey's only remedy to challenge the revived judgment was to file an appeal from that order or by filing a motion in accordance with Civ.R. 60(B). Yockey filed a timely appeal from the trial court's decision and entry denying his motion to vacate.

## II. Assignments of Error

{¶ 9} Yockey assigns the following errors for our review:

> 1. The trial court erred by failing to grant Yockey's Motion to Vacate Revived Judgment.

> 2. The trial court erred by finding Appellant was required to file a motion pursuant to Civ.R. 60(B) in order to challenge a Revived Judgment.

## III. Analysis

{¶ 10} Yockey's two assignments of error are interrelated, and we address them jointly. In his first assignment of error, Yockey argues the trial court erred in denying his motion to vacate the revived judgment. In his second assignment of error, Yockey argues the trial court erred when it concluded Yockey could only challenge the revived judgment through a Civ.R. 60(B) motion. Taken together, these assignments of error assert the trial court erred in denying Yockey's motion to vacate the revived judgment for lack of personal jurisdiction.

{¶ 11} Generally, an appellate court reviews the denial of a common-law motion to vacate a void judgment under an abuse of discretion standard. *Third Fed. S. & L. Assn. of Cleveland v. Taylor*, 10th Dist. No. 17AP-254, 2017-Ohio-7620, ¶ 11, citing *Chuang Dev. LLC v. Raina*, 10th Dist. No. 15AP-1062, 2017-Ohio-3000, ¶ 29. However, this court reviews a trial court's decision on the issue of personal jurisdiction de novo. *Star Seal of Ohio, Inc. v. Tri State Pavement Supplies, LLC*, 10th Dist. No. 09AP-969, 2010-Ohio-2324, ¶ 10, citing *Parshall v. PAID, Inc.*, 10th Dist. No. 07AP-1019, 2008-Ohio-3171, ¶ 9. Additionally, " '[r]evivor of a dormant judgment is a statutory proceeding.' " *Columbus Check Cashers v. Cary*, 196 Ohio App.3d 132, 2011-Ohio-1091, ¶ 4 (10th Dist.), quoting

*Thomas K. Dillon, M.D., Inc. v. Four Dev. Co.*, 6th Dist. No. L-04-1384, 2005-Ohio-5253, ¶ 16. Thus, to the extent this matter requires our review of the trial court's application of R.C. 2325.15 and 2325.17, the statutes applicable to reviving dormant judgments, we apply a de novo standard of review. *Columbus Check Cashers* at ¶ 4, citing *Taber v. Ohio Dept. of Human Servs.*, 125 Ohio App.3d 742, 747 (10th Dist.1998).

{¶ 12} As an initial matter, we address the parties' disagreement about Yockey's method for challenging the revived judgment. Yockey filed a motion to vacate a void judgment, arguing the revived judgment was void for lack of personal jurisdiction. The City of Columbus responded, and the trial court agreed, that because the revived judgment was a final judgment, the proper mechanism to challenge the revived judgment was a motion filed pursuant to Civ.R. 60(B).

{¶ 13} "Under Ohio law, a judgment rendered without personal jurisdiction over the defendant is void, and Ohio courts have inherent power to vacate a void judgment." *Green v. Huntley*, 10th Dist. No. 09AP-652, 2010-Ohio-1024, ¶ 11, citing *Gupta v. Edgecombe*, 10th Dist. No. 03AP-807, 2004-Ohio-3227, ¶ 12. Further, "while a party against whom a void judgment has been rendered must file a motion to vacate, the movant need not present a meritorious defense or establish that the motion was timely under Civ.R. 60(B) to be entitled to relief." *Green* at ¶ 11, citing *TCC Mgt., Inc. v. Clapp*, 10th Dist. No. 05AP-42, 2005-Ohio-4357, ¶ 10 (noting "[a] trial court's authority to vacate a void judgment does not derive from Civ.R. 60(B); rather, it is an inherent power that Ohio courts possess"). Thus, so long as Yockey's motion to vacate alleged the revived judgment was void, as opposed to merely voidable, a common-law motion to vacate was the appropriate procedural mechanism for Yockey to utilize. *Third Fed. S. & L. Assn.* at ¶ 11 ("to attack a judgment on the grounds that it is void due to lack of personal jurisdiction, a defendant must file a common-law motion to vacate").

{¶ 14} To render a valid judgment against a defendant, a court must have personal jurisdiction over that defendant. *Third Fed. S. & L. Assn.* at ¶ 11, citing *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984). "A judgment rendered in the absence of personal jurisdiction over the defendant is void." *Third Fed. S. & L. Assn.* at ¶ 11, citing *Chuang Dev. LLC* at ¶ 28. There are three methods for a court to acquire personal jurisdiction over a defendant: (1) proper service of process, (2) the defendant's voluntary appearance and submission to the

court's jurisdiction, and (3) acts by the defendant or the defendant's counsel that involuntarily subject the defendant to the court's jurisdiction. *Green* at ¶ 12, citing *Maryhew* at 156. "For a court to render judgment against a defendant who has not been served with process, the record must demonstrate that the defendant voluntarily submitted to the court's jurisdiction or committed other acts to constitute a waiver of the defense of lack of personal jurisdiction." *Green* at ¶ 12, citing *Harris v. Mapp*, 10th Dist. No. 05AP-1347, 2006-Ohio-5515, ¶ 10.

{¶ 15} Here, Yockey asserts the trial court's own docket indicated there was never valid service of either the conditional order or the revival motion upon Yockey. Thus, Yockey argues the court's failure to perfect valid service of the conditional order and revival motion render the trial court's subsequent revived judgment void. The City of Columbus responds, however, that because the trial court successfully obtained personal jurisdiction over Yockey by perfecting service of the original 2005 complaint, Yockey's arguments related to lack of service of the revived action must be construed as an allegation that the revived judgment was merely voidable as opposed to void. *See Columbus Check Cashers* at ¶ 19, citing *Bartol v. Eckert*, 50 Ohio St. 31, 33 (1893) (noting that "[s]eeking to revive a judgment does not involve the creation of a new action, but merely the institution of a special proceeding within the original action"). As outlined above, the distinction between whether the judgment is void or merely voidable impacts whether Yockey can pursue a common-law motion to vacate. *Green* at ¶ 11, citing *Clapp* at ¶ 10.

{¶ 16} R.C. 2325.15 contains the procedure for reviving dormant judgments. In particular, the statute provides:

> When a judgment * * * is dormant, or when a finding for money in equitable proceedings remains unpaid in whole or in part, under the order of the court therein made, such judgment may be revived, or such finding made subject to execution as judgments at law are, in the manner prescribed for reviving actions before judgment, or by action in the court in which such judgment was rendered or finding made, or in which a transcript of judgment was filed.

{¶ 17} Additionally, R.C. 2325.17 details when a judgment can be considered revived, stating:

> If sufficient cause is not shown to the contrary, the judgment or finding mentioned in section 2325.15 of the Revised Code shall stand revived, and thereafter may be made to operate as a lien upon the lands and tenements of each judgment debtor for the amount which the court finds to be due and unsatisfied thereon to the same extent and in the same manner as judgments or findings rendered in any other action.

{¶ 18} As this court has previously held, "R.C. 2325.17 requires the judgment debtor be granted an opportunity to show cause why the judgment should not be revived, which could only be done at a hearing before the court." *Leroy Jenkins Evangelistic Assn., Inc. v Equities Diversified, Inc.*, 64 Ohio App.3d 82, 88 (10th Dist.1989). "[S]uch an opportunity [to contest the revival of a judgment at a hearing] must be granted to meet fundamental requirements of due process." *Id. See also Manitou Ams., Inc. v. Woolum*, 12th Dist. No. CA2018-05-103, 2019-Ohio-2674, ¶ 12 (noting "[i]t is settled law that a judgment debtor is entitled to notice and a hearing before a dormant judgment is revived").

{¶ 19} Therefore, despite the City of Columbus' argument that the trial court necessarily had personal jurisdiction over Yockey because of the original action, the statutory framework for the revival of judgments specifically contemplates notice and an opportunity to be heard. Because the court's docket noted service was never accomplished upon Yockey, we agree with Yockey that the trial court erred in denying his motion to vacate.

{¶ 20} We are also mindful that proper service also contemplates adequate time for response. Civ.R. 4(F) specifically provides for the procedure to be followed in issuing service upon a judgment debtor for a motion to revive a dormant judgment. Upon the filing of a motion to revive a dormant judgment, Civ.R. 4(F) provides:

> the clerk shall forthwith issue a summons for service upon each judgment debtor. The summons, with a copy of the motion attached, shall be in the same form and served in the same manner as provided in these rules for service of summons with complaint attached, shall command the judgment debtor to serve and file a response to the motion within the same time as provided by these rules for service and filing of an answer to a

complaint, and shall notify the judgment debtor that in case of
failure to respond the judgment will be revived.

{¶ 21} "Thus, pursuant to Civ.R. 4(F), a judgment debtor has 28 days to file an answer after service of the summons and motion upon him. If no answer is filed, the dormant judgment is revived." *Manitou Ams., Inc.* at ¶ 14, citing *Larney v. Vlahos*, 11th Dist. No. 2015-T-0103, 2016-Ohio-1371, ¶ 14; Civ.R. 12(A)(1) (stating a "defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him").

{¶ 22} Here, the City of Columbus requested service of the motion to revive on August 28, 2018. Had service been properly perfected, the 28-day time frame contemplated in Civ.R. 4(F) should have provided Yockey until September 25, 2018 to respond. Instead, the trial court entered the conditional order on September 16, 2018 with no response from Yockey and prior to the running of the 28-day period.

{¶ 23} Because we conclude the trial court erred in denying Yockey's motion to vacate for lack of personal jurisdiction and that Yockey was able to assert that jurisdictional challenge through a motion to vacate, we sustain Yockey's first and second assignments of error. Accordingly, we remand the matter for further proceedings consistent with this decision and, to the extent necessary, with the service requirements of R.C. 2325.17 and time for response outlined in Civ.R 4(F).

## IV. Disposition

{¶ 24} Based on the foregoing reasons, the trial court erred in denying Yockey's motion to vacate the revived judgment. Having sustained Yockey's two assignments of error, we reverse the judgment of the Franklin County Court of Common Pleas, and we remand the matter to that court for further proceedings consistent with this decision.

*Judgment reversed; cause remanded.*

BRUNNER and NELSON, JJ., concur.