[Cite as *Cornerstone Managed Properties, L.L.C. v. Martin*, 2025-Ohio-662.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Cornerstone Managed Properties, LLC, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 24AP-460 |
| v. | : | (M.C. No. 2009 CVG 40878) |
| Tiana L. Martin, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on February 27, 2025

**On brief:** *Powers Friedman Linn*, *PLL*, and *Rachel E. Cohen*, for appellant.

APPEAL from the Franklin County Municipal Court

EDELSTEIN, J.

{¶ 1} Plaintiff-appellant, Cornerstone Managed Properties, LLC ("Cornerstone"), appeals from the June 21, 2024 judgment of the Franklin County Municipal Court denying its motion for revivor of a dormant judgment entered against defendant-appellee, Tiana L. Martin, in 2009. Specifically, the trial court found that because the certified mail service return did "not show 'to whom' it was delivered," Ms. Martin had not been properly served with a copy of Cornerstone's motion and summons pursuant to Civ.R. 4.1(A)(1)(a). (June 21, 2024 Order & Entry Denying Mot. for Revivor.)

{¶ 2} On appeal, Cornerstone contends that requiring a legible signature on the return receipt for certified mail exceeds what the Ohio Rules of Civil Procedure and Ohio law require to effectuate service of a motion to revive a dormant judgment. But because we find the return receipt fails to establish Ms. Martin was served at the intended address, we affirm the judgment below on other grounds and decline to address this legal question.

## I. FACTS AND PROCEDURAL OVERVIEW

{¶ 3}  Cornerstone originally filed suit against Ms. Martin in September 2009, seeking collection of a debt for unpaid rent.  After Ms. Martin failed to answer, Cornerstone moved for default judgment.  On December 23, 2009, the trial court granted judgment in Cornerstone's favor against Ms. Martin in the amount of $2,698, plus costs and interest.

{¶ 4}  Cornerstone did not execute on the judgment, and after five years, it was rendered dormant pursuant to R.C. 2329.07(B)(1).  On March 3, 2020, Cornerstone filed a motion for revivor of dormant judgment, asserting the December 23, 2009 judgment "is wholly unsatisfied as to the balance, which remains unpaid." (Mar. 3, 2020 Mot. to Revive Jgmt. at ¶ 3.)

{¶ 5}  Following several unsuccessful attempts at serving Ms. Martin with the revivor summons and motion at various addresses, Cornerstone requested the clerk issue service of its motion and revivor summons on Ms. Martin at 169 Midland Avenue by certified mail on May 3, 2024.  Proof of service was returned on May 13, 2024, indicating service of the revivor motion and summons on May 10, 2024 in the name of Tiana L. Martin at 169 Midland Avenue. (*See* May 14, 2024 Certified Mail Return.)  Notably, however, the signature on the service return receipt is not legible and the handwritten address of the actual recipient appears to be "167 Midland Ave." (*See* May 14, 2024 Certified Mail Return.)  Ms. Martin did not file any opposition to revivor or otherwise appear in the case below.

{¶ 6}  On June 21, 2024, the trial court entered a judgment denying Cornerstone's revivor motion.  It found the certified mail return receipt filed on May 14, 2024 did "not reflect successful delivery pursuant to Civ.R. 4.1(A)(1)(a)" because it did "not show 'to whom' it was delivered." (*See* June 21, 2024 Order & Entry.)  Based on that finding, the court concluded Ms. Martin was not served with a copy of the revivor motion and summons. (*See* June 21, 2024 Order & Entry.)

{¶ 7}  Cornerstone now appeals from that judgment, and asserts the following assignment of error for our review:

> [T]he trial court err[ed] when it denied [Cornerstone's] Motion to Revive the dormant judgment based on its finding that service of [Cornerstone's] Motion to Revive failed because the return receipt for certified mail did not contain a legible signature[.]

## II. ANALYSIS

**{¶ 8}**   Revivor of a dormant judgment is a statutory proceeding governed by R.C. Chapter 2325.

**{¶ 9}**   R.C. 2325.15 addresses the procedures for reviving dormant judgments and provides that "[w]hen a judgment . . . is dormant, . . . under the order of the court therein made, such judgment may be revived . . . in the manner prescribed for reviving actions before judgment, or by action in the court in which such judgment was rendered[.]" Additionally, R.C. 2325.17 details when a judgment can be considered revived, stating:

> If sufficient cause is not shown to the contrary, the judgment or finding mentioned in section 2325.15 of the Revised Code shall stand revived, and thereafter may be made to operate as a lien upon the lands and tenements of each judgment debtor for the amount which the court finds to be due and unsatisfied thereon to the same extent and in the same manner as judgments or findings rendered in any other action.

**{¶ 10}**   " 'R.C. 2325.17 requires the judgment debtor be granted an opportunity to show cause why the judgment should not be revived, which could only be done at a hearing before the court.' " *Columbus*, *Div. of Income Tax v. Yockey*,  2020-Ohio-3290, ¶ 18 (10th Dist.), quoting *Leroy Jenkins Evangelistic Assn. v Equities Diversified, Inc.*, 64 Ohio App.3d 82, 88 (10th Dist. 1989). " '[S]uch an opportunity [to contest the revival of a judgment at a hearing] must be granted to meet fundamental requirements of due process.' " *Id.*   Indeed, " '[i]t is settled law that a judgment debtor is entitled to notice and a hearing before a dormant judgment is revived.' " *Yockey* at ¶ 18, quoting *Manitou v. Woolum*, 2019-Ohio-2674, ¶ 12 (12th Dist.).  As this court has previously recognized, "the statutory framework for the revival of judgments specifically contemplates notice and an opportunity to be heard." *Id*. at ¶ 19.

**{¶ 11}** Civ.R. 4(F) specifies the procedure to be followed in issuing service upon a judgment debtor for a motion to revive a dormant judgment.  Regarding notice, that rule provides:

> Upon the filing of a motion to revive a dormant judgment the clerk shall forthwith issue a summons for service upon each judgment debtor. The summons, with a copy of the motion attached, ***shall be in the same form and served in the same manner as provided in these rules for service of summons with complaint attached***, shall command the

judgment debtor to serve and file a response to the motion within the same time as provided by these rules for service and filing of an answer to a complaint, and shall notify the judgment debtor that in case of failure to respond the judgment will be revived.

(Emphasis added.) " '[P]ursuant to Civ.R. 4(F), a judgment debtor has 28 days to file an answer after service of the summons and motion upon him. If no answer is filed, the dormant judgment is revived.' " *Yockey* at ¶ 21, quoting *Manitou* at ¶ 14, citing *Larney v. Vlahos*, 2016-Ohio-1371, ¶ 14 (11th Dist.), and citing Civ.R. 12(A)(1) (stating a "defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him").

{¶ 12} Here, assuming service of Cornerstone's motion to revive and summons was properly perfected upon Ms. Martin on May 10, 2024, the 28-day time frame contemplated in Civ.R. 4(F) should have provided her until June 7, 2024 to respond. And, it is undisputed that, at the time the trial court entered its June 21, 2024 order denying Cornerstone's motion, Ms. Martin had not filed a response to Cornerstone's revivor motion.

{¶ 13} The trial court concluded, however, that the certified mail service return receipt failed to establish that Ms. Martin was personally served with the revivor motion and summons. At issue in this case is whether an illegible signature at a potentially incorrect address constitutes successful service under Civ.R. 4(F).

{¶ 14} Civ.R. 4(F) requires the revivor summons, with a copy of the motion attached, be "served in the same manner as provided in these rules for service of summons with complaint attached[.]" Civ.R. 4.1 governs service of summons and complaint, and permits service by certified mail as follows:

> Evidenced by return receipt signed by any person accepting delivery, service of any process accepting delivery shall be by United States certified or express mail unless otherwise permitted by these rules. The clerk shall deliver a copy of the process and complaint or other document to be served to the United States Postal Service for mailing **at the address set forth in the caption or at the address set forth in written instructions** furnished to the clerk as certified or express mail return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered.

(Emphasis added.) Civ.R. 4.1(A)(1)(a).

{¶ 15} On appeal, Cornerstone contends that requiring a legible signature on the return receipt for certified mail—as the trial court did in this case—exceeds the requirements imposed by the Ohio Rules of Civil Procedure and Ohio law to revive a dormant judgment. We need not resolve that legal question, however, because we find the certified mail return receipt filed on May 14, 2024 fails to sufficiently establish Ms. Martin was served with the revivor motion and summons at the intended address. Critically, the handwritten "Address of Recipient" on the return receipt appears to be "167 Midland Ave." (*See* May 14, 2024 Certified Mail Return.) But it is clear from the record that Cornerstone requested service at "169 Midland Ave." (*See* May 3, 2024 Revivor Summons Issued.) It is axiomatic that service at an address different from "the address set forth in the caption or at the address set forth in written instructions" does not constitute successful service under Civ.R. 4.1(A)(1)(a). And, again, the signature of the person who accepted service of the revivor motion and summons in May 2024 is not legible and Ms. Martin did not appear in the case below. We therefore are unable to conclude that service was even attempted at 169 Midland Ave.

{¶ 16} Based on the foregoing, it appears from the record that Ms. Martin did not receive notice of Cornerstone's motion to revive and, thus, was not afforded an opportunity to show cause why the dormant judgment should not be revived. Since it is well-settled that a judgment debtor must receive notice and be afforded a hearing before a dormant judgment is revived, we find the trial court did not err in denying Cornerstone's motion to revive. Accordingly, we overrule Cornerstone's assignment of error.

### III. CONCLUSION

{¶ 17} Having overruled Cornerstone's sole assignment of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

JAMISON, P.J., and MENTEL, J., concur.

———————————