[Cite as *O'Brien v. Barron*, 2025-Ohio-5335.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kevin O'Brien, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 25AP-389 |
| v. | : | (M.C. No. 2010 CVI 026586) |
| Jeanatta A. Barron, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on November 26, 2025

**On brief:** *Kevin O'Brien*, pro se.

APPEAL from the Franklin County Municipal Court

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, Kevin O'Brien, appeals the Franklin County Municipal Court's decision filed April 4, 2025, which granted defendant-appellee Jeanatta A. Barron's (a.k.a. Jeanatta A. Merritt) motion to vacate judgment for lack of service.

{¶ 2} On August 13, 2010, appellant's predecessor in interest, Bur-Mar Enterprises, Inc., d.b.a. Checkland East ("Bur-Mar"), obtained a default judgment for $797.75, plus interest, against appellee in this case, which concerns a dishonored check that appellee had apparently written to "Checkland" in the amount of $172.50. Bur-Mar's complaint against appellee was sent by certified mail to her at 6370 Birchview Drive in Reynoldsburg, Ohio on July 9, 2010, but that certified mail was returned unclaimed on July 21, 2010. It appears from the file that service was sent to the same address by regular mail on July 22, 2010, and the file does not contain any indication that the regular mail service was returned. The record before this court does not demonstrate that Bur-Mar ever attempted to enforce this judgment, and it apparently became dormant.

{¶ 3} On March 8, 2024, some 14 years later, Kevin O'Brien and Associates Co. (then acting on behalf of Bur-Mar) filed a motion to revive the judgment and attempted to serve a copy of this motion on appellee by certified mail to 6624 Christopher Park Lane in Canal Winchester, Ohio. This certified letter was returned to the trial court as undeliverable on April 4, 2024.

{¶ 4} On May 3, 2024, appellant filed a notice with the trial court indicating that all the receivable debts owed to Bur-Mar were now assigned to appellant Kevin O'Brien personally, and that he was the new sole owner of Bur-Mar. On May 23, 2024, appellant was substituted for Bur-Mar in this matter, and he contemporaneously filed a praecipe requesting certified mail service of the revivor motion onto appellee at a P.O. Box in Reynoldsburg, Ohio. This certified letter was returned to the trial court as undeliverable on August 27, 2024.

{¶ 5} On August 13, 2024, appellant filed a praecipe requesting certified mail service of the revivor motion onto appellee at 626 Sunderland Avenue in Chester Springs, Pennsylvania. This certified letter was returned to the trial court as unclaimed on November 25, 2024. On December 5, 2024, appellant filed two separate praecipes requesting certified mail service of the revivor motion onto appellee, the first directed to an apartment on Century City North in Reynoldsburg, Ohio, and the second again directed to 6624 Christopher Park Lane in Canal Winchester, Ohio. It appears that this time the service sent to appellee at Christopher Park Lane was successful, and the court file contains a scanned notice of the delivery signature of "Jeanatta Barron" obtained on January 4, 2025.

{¶ 6} On January 27, 2025, appellee (as "Jeanatta Merritt") filed a "Response to Revivor" and affidavit with the trial court, which stated that she "had no knowledge of the judgement and *it was improperly served* because I was no longer living at the address of 6370 Birchview Dr. Reynoldsburg, OH 43068 at the time it was served. At the time the notice was served I live [sic] at 6553 Red Coach Lane in Reynoldsburg." (Emphasis added.) (Jan. 27, 2025 Resp. to Revivor at 1.) Appellant then apparently requested the trial court to serve his revivor motion on appellee to the Christopher Park Lane address for a second time, and on March 3, 2025, the trial court received notice of that service, again signed by "Jeanatta Barron."

{¶ 7}   The trial court held a hearing on appellant's motion to revive and appellee's response on March 27, 2025.  At that time, appellee was sworn and testified as follows:

> MS. BARRON MERRITT: I did -- At the time that I wrote that check, I did live at 44 North Hamilton Road; and when I wrote that check, I was writing that check to try to make my rent payment, and that didn't follow through because the money that I gave my landlord at the time wasn't sufficient enough because of all the extra fees when I went to court.
>
> So after that, I ended up leaving Ohio. I went to Maryland, me and my three kids; and I stayed there for, like, a year or so; and then I came back, and that's when I moved on Birchview. I stayed at Birchview for probably four years, and then I left again, and then came back to Ohio a couple years later.
>
> *Like I said, that's probably why I never got those letters that -- whoever lived there didn't return them. I don't know what they did to them, but I have -- I can bring proof of my addresses of where I stayed; and I was not in Ohio at the time, so I did not get proof that they had sent me those letters.*
>
> And then a couple years later, when I came back, I went by the check advance that used to be there on Broad Street. They were no longer there. They went out of business. I never got anything until just recently; a couple months ago is when I got that first letter, and that's when I responded to it. So I did send out a request, and I have a copy of the letter here where I asked for proof of transfer.

(Emphasis added.)  (Mar. 27, 2025 Tr. of Digitally-Recorded Proceedings at 8-9.)

{¶ 8}   The trial court took the case under advisement, and on April 4, 2025, issued a ruling vacating the underlying judgment for lack of service:

> This matter is before the Court on Plaintiff's Motion to Revive and Defendant's Response. Defendant's response filed January 27, 2025, alleges a failure of service and is interpreted by this Court as a Motion to Vacate Judgment for a lack of service. On March 27, 2025, a hearing was held on Defendant's motion. Defendant and Counsel for Plaintiff were present. Based on Defendant's testimony at the hearing, the Court finds that Defendant was not served in this matter.
>
> "[A] defendant must be properly served with process before a court may exercise personal jurisdiction over her." *TCC Mgmt. v. Clapp*, 2005-Ohio-4357, ¶ 9 (10th Dist.). "[U]nder Ohio law, a judgment rendered without personal jurisdiction over a defendant is void, not voidable." *Gupta v. Edgecombe,* 2004-

Ohio-3227, ¶ 12 (10th Dist.), citing *Compuserve, Inc. v. Trionfo*, 91 Ohio App.3d 157, 161, (10th Dist. 1993) and *Sampson v. Hooper Holmes, Inc.*, 91 Ohio App.3d 538, 540-541 (9th Dist. 1993) (noting that "where service of process has not been accomplished, any judgment rendered is void ab initio").

Defendant's motion to vacate is GRANTED. The default judgment previously entered on August 13, 2010 is hereby **VACATED**. All garnishment activity is to cease. Plaintiff may reattempt service.

(Emphasis in original.) (Entry Granting Mot. to Vacate at 1.) Appellant has now timely appealed and asserts a single assignment of error:

THE TRIAL COURT ERRED IN SUSTAINING THE DEFENDANT-APPELLEE'S "MOTION FOR RELIEF FROM JUDGMENT," WHICH WAS NEVER SERVED UPON APPELLANT.

{¶ 9} In *Columbus Div. of Income Tax v. Yockey*, 2020-Ohio-3290 (10th Dist.), we observed that while we review a trial court's decision on "a common-law motion to vacate a void judgment under an abuse of discretion standard," we review the "trial court's decision on the issue of personal jurisdiction de novo." *Id.* at ¶ 11, citing *Star Seal of Ohio, Inc. v. Tri State Pavement Supplies, L.L.C.*, 2010-Ohio-2324, ¶ 10 (10th Dist.). We also observed that because revivor of a judgment is a statutory proceeding, "to the extent this matter requires our review of the trial court's application of R.C. 2325.15 and 2325.17, the statutes applicable to reviving dormant judgments, we apply a de novo standard of review." *Id.*, citing *Columbus Check Cashers v. Cary*, 2011-Ohio-1091, ¶ 4 (10th Dist.).

{¶ 10} Appellant's brief presents several arguments that are not encapsulated in his assignment of error and were not presented to the trial court. First, he argues that because appellee "admits that she lived on Birchview Drive in Reynoldsburg, but does not provide the Court with dates when she moved in or moved out of the property," that the evidence presented at the hearing did not support the trial court's finding that she was "not served in this matter." (Brief of Appellant at 8.) We disagree. Appellee specifically testified under oath that she "never got those letters," that she had "left [Ohio] again," that she "was not in Ohio at the time" the underlying complaint was sent to the Birchview address, that "whoever lived [at the Birchview address] didn't return them," and that she "did not get

proof that they had sent me those letters." (Tr. at 8-9.) Appellant did not provide any evidence to the trial court contradicting or undermining this testimony.

{¶ 11} Appellant next suggests that appellee's "Response to Revivor" is not a properly filed motion to vacate the underlying judgment, and therefore the trial court erred by "interpreting" the filing as a motion to vacate and granting it. But based on the substance of the pleading, we cannot say that the court's decision to treat the pleading as a motion to vacate the judgment was an abuse of discretion on the trial court's part. As the trial court properly observed, appellee argued in both the pleading and at the hearing that she had not been properly served with process prior to the entry of the underlying default judgment and, in Ohio, a defendant "must be properly served with process before a court may exercise personal jurisdiction over her," and "a judgment rendered without personal jurisdiction over a defendant is void . . ." (Entry Granting Mot. to Vacate at 1.) (Quoting cases.)

{¶ 12} Appellant then argues that two bankruptcy cases filed by appellee that were subsequently dismissed establish that she "lied" to the trial court in her testimony and that she "must have received" service of the original action—because Bur-Mar was listed as a creditor in those documents and because they used appellant's business address rather than the address of Bur-Mar itself. (*See* Brief of Appellant at 10-12 & Appx.) These bankruptcy records were never presented to the trial court.

{¶ 13} Appellant urges us to take judicial notice of the case documents and their contents. *See generally* Evid.R. 201. But even if we were to accept the bankruptcy case records, they do not establish that appellee "lied" as appellant claims. While it is true that an appellate court may take judicial notice of adjudicative facts, we may only take judicial notice of such facts "not subject to reasonable dispute." Evid.R. 201(B). And even if an adjudicative fact "is capable of recognition under judicial notice, an appellate court will not take judicial notice if the fact should have been raised in the trial court." *Robol v. Columbus*, 2025-Ohio-973, ¶ 73 (10th Dist.).

{¶ 14} Appellant offers no basis for presenting these records for the first time on appeal. But perhaps more importantly, the records establish only that (1) the appellee knew she owed a debt to Bel-Mar—a fact that is not in dispute and that was admitted by appellant in her hearing testimony, and (2) that appellant had received some indication or communication that appellant represented Bel-Mar in relation to that debt prior to filing

her bankruptcies.  Given that both appellant and Bel-Mar sent regular mail correspondence to appellee, attempting to resolve the matter prior to filing this lawsuit, in the absence of more evidence it cannot be conclusively established that appellee's sworn testimony that she had "left [Ohio] again," that she "was not in Ohio at the time" the underlying complaint was sent to the Birchview address, that "whoever lived [at the Birchview address] didn't return them," and that she "did not get proof that they had sent me those letters" was in any way false.  (*Compare* Brief of Appellant at 10-12 & Appx. with Tr. at 8-9.)  Appellee did not claim that she did not know about the *debt*, she claimed that she was not served with process in the underlying *suit*.  Even if we were to take judicial notice of the bankruptcy records, which would be improper under *Robol*, those records do not and cannot demonstrate that appellee was properly served.

{¶ 15} Finally, although he does not specifically address the argument in his brief, we observe that appellant stated in his assignment of error that the trial court erred by vacating the underlying judgment because appellee's "Response to Revivor" was not served upon him.  At the hearing, the following exchange occurred:

> THE COURT: Counsel on behalf of Plaintiff, would you like to put anything on the record with regards to your motion?
>
> MR. O'BRIEN: Sure. Your Honor, first, for the record, I never received any documentation from the defendant in this case. I'm not (indiscernible) now, but since she's indicated what her argument is.
>
> MS. BARRON MERRITT: I have a copy of the letter that I sent out.
>
> THE COURT: When you say a letter, what are you referring to?
>
> MS. BARRON MERRITT: The response that I sent to him.
>
> THE COURT: Okay. All right. I have a certificate of service, last known address. You're 597 High Street?
>
> MR. O'BRIEN: I'm at a post office box now, up in Worthington.
>
> THE COURT: Oh, okay.
>
> MR. O'BRIEN: I have not -- I'm still at 995 South High Street, but I sold that building when I became ill, so --
>
> THE COURT: Gotcha. Okay. Yeah, the PO Box 297. All right.

(Tr. at 3.)  On this record, we cannot say the trial court erred by vacating the underlying judgment.  Appellant did not object to any failure of service at the time of the hearing and

has not and does not now argue that he was prejudiced or unable to address appellee's contention that she was not properly served with the underlying complaint because of the alleged failure of service. Indeed, the record transcript is not even clear that appellant did not receive appellee's response, since appellant merely states he "never received any documentation from the defendant in this case" without clarifying what type of "documentation" he is referring to. *Id.* at 3. Even more importantly, appellant had an opportunity to cross-examine appellee when she testified under oath at the hearing, and chose not to. Because the record is at best unclear, we conclude that the trial court acted within its discretion by addressing the merits of appellee's jurisdictional argument.

{¶ 16} For all these reasons, appellant's appeal lacks merit. His sole assignment of error is overruled, and the judgment of the Franklin County Municipal Court in this matter is affirmed.

*Judgment affirmed.*

DORRIAN and MENTEL, JJ., concur.

_____